1  Penelope M. Deihl, Esq., SBN 167040
2  **CLARK HILL LLP**
   555 South Flower Street. 24th Floor
3  Los Angeles, California 90071
   Telephone:  (213) 891-9100
4  Facsimile:   (213) 488-1178
   PDeihl@clarkhill.com
5
6  **Attorney for Defendants**
   DOUGLAS SCHEEL, TROY SCHEEL,
7  AND MOUNTAIN WEST COMMERCIAL LLC

8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ANNE L. THART, an individual and          Case No.: 2:24-cv-10876-CV-E
    trustee of THE ANNE L. THART
12  LIVING TRUST DATED JULY 1,                *Assigned for all purposes to the*
    1998; RUSSELL CHADWICK               *Hon. Cynthia Valenzuela*
13  MCALLISTER, an individual and          *Courtroom 5D*
    trustee of THE MCALLISTER
14  FAMILY TRUST; AMY
    MCALLISTER, and individual and
15  trustee of THE MCALLISTER              **DEFENDANTS DOUGLAS SCHEEL,**
    FAMILY TRUST; JOSEPH A.              **TROY SCHEEL, AND MOUNTAIN**
16  PROCOPIO, an individual and trustee   **WEST COMMERCIAL LLC'S**
    of THE JOSEPH A. PROCOPIO SR.        **NOTICE OF MOTION AND**
17  FAMILY TRUST; GLENN T.              **MEMORANDUM OF POINTS AND**
    PINDER, and individual and sole      **AUTHORITIES IN SUPPORT OF**
18  member of PINDER ENTERPRISES,        **DEFENDANTS' MOTION TO**
    LLP,                                 **DISMISS PURSUANT TO FEDERAL**
19                                        **RULES OF CIVIL PROCEDURE**
                      Plaintiffs,          **RULE 12(b)(2) AND 12(b)(6)**
20
          v.                              [Filed concurrently with: *Declarations of*
21                                        *Doug Scheel, Troy Scheel, and Kelly*
    COLLIERS INTERNATIONAL               *Maxwell]*
22  GROUP, INC., a Canadian corporation;
    MILLCREEK COMMERCIAL                 **DATE: June 6, 2025**
23  PROPERTIES, LLC, a Utah limited       **TIME: 1:30 PM**
    liability company; MILLROCK          **COURTROOM:  5D**
24  INVESTMENT FUND 1, LLC, a Utah
    limited liability company; KEVIN
25  LONG, an individual; BRENT SMITH,     Complaint Filed:   December 18, 2024
    an individual; DOUGLAS SCHEEL, an    Trial Date:         None
26  individual; TROY SCHEEL, an
    individual; MOUNTAIN WEST
27  COMMERCIAL LLC, a Utah limited

28                                        1
─────────────────────────────────────────────────────────
DEFENDANTS DOUGLAS SCHEEL, TROY SCHEEL, AND MOUNTAIN WEST'S NOTICE OF
MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
TO DISMISS

liability company; MEGAN DESTITO, an individual; CAM REALTY, LLC, a Utah limited liability company; KGL ADVISORS, LLC, a Utah limited liability company; and DOES 1-10, inclusive,

Defendants.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 6, 2025, at 1:30 pm, subject to the Court's availability, in Courtroom 5D, located at the First Street Courthouse, 350 West First Street, Los Angeles, California, 90012, Defendants Douglas Scheel, Troy Scheel, and Mountain West Commercial, LLC will and hereby do move, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), for an Order dismissing the Plaintiffs' First Amended Complaint for lack of personal jurisdiction and failure to state a claim.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on April 29 2025.

Dated May 2, 2025

Respectfully submitted,

By: _/s/  Penelope M. Deihl_
Penelope M. Deihl, Esq.

---

2

DEFENDANTS DOUGLAS SCHEEL, TROY SCHEEL, AND MOUNTAIN WEST'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.............................................. 2

I.    INTRODUCTION ..................................................................... 2

II.   FACTUAL BACKGROUND .......................................................... 3

    A.    Mountain West Is a Foreign Corporation with No Business Operations in California.................................................................................. 4

III.  LEGAL STANDARD ............................................................... 4

    A.    Personal Jurisdiction ......................................................... 4

    B.    Failure to State a Claim..................................................... 5

IV.   LEGAL ARGUMENT .............................................................. 6

    A.    This Court, Like All California Courts, Lacks Personal Jurisdiction Over Doug, Troy and Mountain West, Non-Resident Defendants................. 6

        1.    General jurisdiction over  Doug, Troy, and Mountain West does not exist as they have not engaged in "substantial" contacts or conducted "continuous and systematic" activities in California. 7

        2.    Specific jurisdiction over Doug, Troy, and Mountain West does not exist as they did not purposefully direct activities or avail themselves to California. .......................................................... 8

        3.    Specific jurisdiction over Doug, Troy, and Mountain West also does not exist because the exercise of jurisdiction would not be reasonable. ............................................................... 9

        4.    Supplemental Jurisdiction would not be reasonable ................. 11

    B.    Plaintiffs' First Cause of Action Must be Dismissed Because of the Statute of Limitations. ........................................................................... 13

    C.    Plaintiffs' First and Second Causes of Action Must be Dismissed for Failing to Comply with The Heightened Pleading Standard Under the PSLRA. ............................................................................. 14

    D.    Plaintiffs' Fifth Cause of Action for Breach of Fiduciary Duty Must be Dismissed for Failing to State a Claim ............................................ 17

    E.    Plaintiffs' Seventh Cause of Action for Conversion Must be Dismissed for Failing to State a Claim........................................................... 19

---

DEFENDANTS DOUGLAS SCHEEL, TROY SCHEEL, AND MOUNTAIN WEST'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

F.     Plaintiffs' Eighth Cause of Action for Constructive Fraud Lacks Particularity in Violation of Rule 9(b). ........................................................ 20

G.     Plaintiffs' Eleventh Cause of Action for Violation of Unfair Competition Law Fails to State a Claim ................................................................. 22

V.     CONCLUSION .............................................................................. 24

CERTIFICATE OF SERVICE .................................................................. 1

DEFENDANTS DOUGLAS SCHEEL, TROY SCHEEL, AND MOUNTAIN WEST'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*
  223 F.3d 1082 (9th Cir. 2000) ................................................................. 9

*BNSF Railway Co. v. Tyrrell*
  137 S.Ct. 1549 (2017) ............................................................................. 9

*Bristol-Myers Squibb Co. v. Superior Court of California*
  137 S.Ct, 1773 (2017) ............................................................................. 8

*Burger King v. Rudzewicz*
  471 U.S. 462 (1985) .............................................................................. 10

*Cape v. Von Maur*
  932 F. Supp. 124 (D. Md. 1996) ..................................................... 11, 12

*Core-Vent Corp. v. Nobel Industries*
  11 F.3d 1482 (9th Cir. 1993) ................................................................ 13

*Daimler AG v. Bauman et al.*
  571 U.S. 117 (2014) ................................................................................ 9

*Data Disc, Inc. v. Sys Tech. Assoc.*
  557 F.2d 1280 (9th Cir. 1977) ................................................................ 7

*ESAB Group v. Centricut, Inc.*
  126 F.Supp.3d 617 (4th Cir. 1997) ...................................................... 11

*Gizinski v. Mission Mobility, LLC*
  No. 1:16-cv-00589, 2017 WL 1001448 (M.D. Pa. March 15, 2017) ........................... 11

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*
  284 F.3d 1114 (9th Cir. 2002) ................................................................ 9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
  564 U.S. 915 (2011) ............................................................................ 8, 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>**Cases Cont'd.**</u>

*Hanson v. Denckla*

   357 U.S. 235 (1958) ................................................................. 10

*Harris Rutsky Co. v. Bell Clements*

   328 F.3d 1122 (9th Cir. 2003) .................................................. 13

*International Shoe Co. v. State of Washington, et al.*

   326 U.S. 310 (1945) ............................................................. 8, 12

*Love v. Associated Newspapers, Ltd.*

   611 F.3d 601 (9th Cir. 2010) ..................................................... 8

*Lucachick v. NDS Americas, Inc.*

   169 F. Supp.2d 1103 (D. Minn. 2001) .................................. 11, 12

*Milliken v. Meyer*

   311 U.S. 457 (1940) ................................................................. 8

*Schwarzenegger v. Fred Martin Motor Co.*

   374 F.3d 797 (9th Cir. 2004) ................................................. 8, 10

*Sher v. Johnson*

   911 F.2d 1357 (9th Cir. 1990) ................................................. 7, 8

*World-Wide Volkswagen Corp. et al. v. Woodson*, *District Judge of Creek*

   *County, Oklahoma, et al.*, 444 U.S. 286 (1980) .................... 10, 12

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*

   433 F.3d 1199 (9th Cir. 2006) ............................................. 7, 8, 9

<u>**Rules**</u>

Fed. R. Civ. P. 12(b)(2) .............................................................. 2, 5

DEFENDANTS DOUGLAS SCHEEL, TROY SCHEEL, AND MOUNTAIN WEST'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

The First Amended Complaint and all claims asserted therein by Plaintiffs Anne L. Thart, an individual and trustee of The Anne L. Thart Living Trust Dated July 1, 1998; Russell Chadwick McAllister, an individual and trustee of The McAllister Family Trust; Amy McAllister, an individual and trustee of The McAllister Family Trust; Jospeh A. Procopio, an individual and trustee of The Joseph A. Procoio Sr. Family Trust; Glenn T. Pinder, an individual and sole member of Pinder Enterprises, LLP ("Plaintiffs") against Defendants Douglas Scheel ("Doug"), Troy Scheel ("Troy"), and Mountain West Commercial, LLC ("Mountain West") (collectively, "Defendants") should be dismissed because this Court lacks personal jurisdiction over each of the Defendants. Put simply, Doug, Troy, and Mountain West do not have sufficient minimum contacts with the State of California.  As such, exercising jurisdiction over Doug, Troy, and Mountain West, a foreign corporation, having no businesses, subsidiaries, or other sufficient minimum contacts in California would not accord with traditional notions of fair play and substantial justice. Accordingly, neither general nor specific personal jurisdiction exist, and the Court should not assume personal jurisdiction over Doug, Troy, or Mountain West. Instead, the Court should dismiss the First Amended Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Plaintiffs' claims are further subject to dismissal for failing to state a claim. Plaintiffs alleged Federal Securities Fraud violations under Section 10(b) of the Securities Exchange Act are all past the statute of limitations, as they occurred more than a year before this suit was filed.  Additionally, Plaintiffs' have failed to properly plead their alleged violations of Section 10(b) of the Securities Exchange Act. Plaintiffs' claim for Breach of Fiduciary Duty should likewise be dismissed for failing to state a claim, as its allegations are indistinguishable from Plaintiffs' claim for professional negligence. Furthermore, Plaintiffs' claims for Conversion, Constructive Fraud, and

Violations of Unfair Competition Law all lack the specificity required to plead such claims and should be dismissed.

## II.      FACTUAL BACKGROUND

As Plaintiffs allege, correctly, in their First Amended Complaint, Doug and Troy are both residents of Utah. (Dkt. 91 ¶ 17-18.). Plaintiffs allege that Doug and Troy induced Plaintiffs Russell Chadwick McAllister, an individual and trustee of The McAllister Family Trust and Amy McAllister, an individual and trustee of The McAllister Family Trust (collectively the "McAllister Plaintiffs") to sell property they owned and invest in the Millcreek properties. (Dkt. 91, ¶ 19). The McAllister Plaintiffs are residents of Utah (Dkt. 1, ¶ 7). Plaintiffs do not allege that any part of the McAllister Plaintiffs' transaction took place outside of Utah. Plaintiffs First Amended Complaint against Defendants focuses solely on the McAllisters; there are no allegations that Doug, Troy, or Mountain West were involved with the other Plaintiffs.

Plaintiff Anne L. Thart ("Thart") is a resident of this District. (Dkt. 91, ¶ 6; 106). Thart sold real estate she owned and, through Defendant Megan Destito, invested in property in Crockett, Texas (the "Property"). (Dkt. 91, ¶ 6, 2). None of the other plaintiffs or defendants reside in California and none of the other transactions involve property in California.

Doug has never had any communications with Thart. (Declaration of Doug ("Doug Decl."), ¶ 4). Doug is an associate real estate broker in Utah; he is not licensed in California. (Doug Decl., ¶ 3). Doug was not involved in Thart's purchase of the Property. (Doug Decl., ¶ 5). Accordingly, Doug did not, through any act or omission, make any misrepresentations to Thart.

Likewise, Troy never had any communications with Thart. (Declaration of Troy ("Troy Decl."), ¶ 4). Troy is a real estate agent and real estate broker in Utah; he is not licensed in California. (Troy Decl., ¶ 3). Troy was not involved in Thart's purchase of the Property. (Troy Decl., ¶ 5). Accordingly, Troy did not, through any act or omission, make any misrepresentations to Thart. .

3

### A.    Mountain West Is a Foreign Corporation with No Business Operations in California.

Mountain West was at all relevant times, and still is, incorporated in the State of Utah. (Declaration of Kelly Maxwell ("Maxwell Decl."), ¶ 3). Mountain West's headquarters are located at 312 East South Temple, Salt Lake City, Utah from where Mountain West performs the vast majority of its functions. (Maxwell Decl., ¶ 3). As such, decisions concerning the direction, control and business activities of Mountain West are all made, communicated and implemented from Mountain West's headquarters in Utah. (Maxwell Decl., ¶ 3).

Mountain West is not and has never been registered with the California Secretary of State to operate in and do business in the State of California. (Maxwell Decl., ¶ 4). Mountain West does not have business operations in California and has never had a physical presence anywhere in the State of California. (Maxwell Decl., ¶ 5). Mountain West does not have any agents licensed in California. (Maxwell Decl., ¶ 6). Mountain West is not engaged in advertising specifically targeting California. (Maxwell Decl., ¶ 7).

Since November 2022, agents with Mountain West have had six (6) transactions in California. (Maxwell Decl., ¶ 8). For each transaction, the Mountain West agent associated with a California licensed broker. (Maxwell Decl., ¶ 8). None of these transactions involved the Plaintiffs in this matter or the Property. (Maxwell Decl., ¶ 8). Additionally, none of these transactions involved Doug or Troy. (Maxwell Decl., ¶ 8).

Doug did not purposefully direct activities or avail himself to California. (Doug, Decl., ¶ 3-5). Likewise, Troy also did not purposefully direct activities or avail himself to California. (Troy Decl., ¶ 3-5). Accordingly, California lacks personal jurisdiction over Doug, Troy, and Mountain West.

## III.    LEGAL STANDARD

### A.    Personal Jurisdiction

Under Rule 12(b)(2), a defendant may move for dismissal based on lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Where there is no applicable federal statute

4

governing personal jurisdiction, "the district court applies the law of the state in which the district court sits." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006 ); *see* Fed. R. Civ. P. 4(k)(1)(A). Thus, there are two limitations on a federal court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990) (citing *Data Disc, Inc. v. Sys Tech. Assoc.*, 557 F.2d 1280, 1286 (9th Cir. 1977)). California's personal jurisdiction rule provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10. Accordingly, in California, the statutory limitation on a court's personal jurisdiction is "coextensive with the outer limits of due process," and the federal and state jurisdictional inquiries merge into a single analysis. *Sher*, 911 F.2d at 1361; *Yahoo!*, 433 F.3d at 1205; Cal. Code Civ. Proc. § 410.10. "The plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Love v. Associated Newspapers, Ltd.,* 611 F.3d 601, 608 (9th Cir. 2010).

## B. Failure to State a Claim

Dismissal is warranted where the plaintiff fails "to state a claim upon which relief can be granted". Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion challenges the adequacy of the complaint on its face, testing whether the plaintiff has properly stated a cognizable cause of action. "[W]ell-pleaded facts" must do more than "infer ... the mere possibility" of a cognizable claim; they must "plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (*citing Bell Atl. Corp. v. Twombly,* (2007)). A complaint is insufficient under Rule 12(b)(6) if it fails to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.[1] *Iqbal*, 556 U.S. at 129. Only a complaint "that states a plausible claim for relief survives a motion to dismiss. *Id*. at 1950.

---

[1] As discussed below, Plaintiffs' claim for violations of the Securities Act is additionally without merit, as the statute of limitations has passed.

DEFENDANT MOUNTAIN WEST, DOUG, AND TROY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

At the pleading stage, a complaint must meet "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief. *Twombly,* 550 U.S. at 557 (*quoting* F.R.C.P. 8(a)(2)) (alterations in original). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Trombly,* 550 U.S at 555. Finally, although courts must accept all well-pleaded facts as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Id.*

## IV.   LEGAL ARGUMENT

### A.   This Court, Like All California Courts, Lacks Personal Jurisdiction Over Doug, Troy and Mountain West, Non-Resident Defendants.

For a court to exercise jurisdiction over a nonresident defendant, the non-resident defendant must have "such minimum contacts with [the State] that the assertion of jurisdiction does not violate 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, et al.*, 326 U.S. 310, 316 (1945) (citing *Milliken v. Meyer*, 311 U.S. 457 (1940)). Put another way, courts do not have jurisdiction over a nonresident defendant unless the defendant has purposefully established "minimum contacts" with the forum state, and the exercise of jurisdiction comports with "fair play and substantial justice." *Id*. at 316; *Bristol-Myers Squibb Co. v. Superior Court of California*, 582 U.S. 255 (2017).

Two categories of contacts may satisfy this requirement. First, a federal district court has general jurisdiction over a nonresident defendant where the defendant had "substantial" contacts or conducted "continuous and systematic" activities within the state that the district court sits, "even if the cause of action is unrelated to those activities." *Sher*, 911 F.2d at 1361; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Where general jurisdiction is does not exist, a court may still exercise specific jurisdiction over a nonresident defendant where: (1) the defendant purposefully directed activities toward the forum or purposefully availed himself of the benefits and protections

6

of the forum's laws; (2) the claim arises out of the defendant's forum-related activities; and (3) exercise of jurisdiction would be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

4. **General jurisdiction over Doug, Troy, and Mountain West does not exist as they have not engaged in "substantial" contacts or conducted "continuous and systematic" activities in California.**

To establish general personal jurisdiction, a plaintiff must demonstrate the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), modified, *Yahoo!*, 433 F.3d 1199, 1207 (9th Cir. 2006)).  More specifically, the Supreme Court has held that the exercise of general jurisdiction over a corporation's contacts with the forum state must be so extensive as to render the company essentially "at home" in the state. *Goodyear*, at 751. Importantly, in *Daimler AG v. Bauman et al.*, 571 U.S. 117 (2014), the Supreme Court instructed lower courts to consider a corporation's contacts with a forum in light of the entirety of their business. As Justice Ginsburg, writing for the majority, stated: a "corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler,* at 762.  To further clarify, in *BNSF Railway Co. v. Tyrrell*, 581 U.S. 402 (2017), the Supreme Court reaffirmed that general jurisdiction over a corporation outside of its state of incorporation or principal place of business is proper but only in an "exceptional case." *BNSF Railway Co.,* at *413.

In the instant case, Mountain West's business contacts do not meet the minimum standards for general jurisdiction as outlined in authorities cited above. In particular, at all relevant times, Mountain West was, and still is, incorporated in Utah. Beyond the place of incorporation, Mountain West's "home" is Utah as Mountain West's headquarters is located in Salt Lake City, Utah.  Mountain West's headquarters constitutes the place from where Mountain West performs the vast majority of its

7

corporate executive and administrative functions, and from where it conducts the vast majority of its business operations.

In contrast, Mountain West's contacts with California are, at most, scant. Mountain West is not and has never been registered with the California Secretary of State to operate in and do business in the State of California. (Maxwell Decl., ¶ 4). Mountain West does not have business operations in California and has never had a physical presence anywhere in the State of California, not so much as a California P.O. Box or other mailing address. (Maxwell Decl., ¶ 5). Mountain West also does not and has never hired or employed any individual to work in or out of the State of California. (Maxwell Decl., ¶ 5-6).

Doug and Troy are residents of Utah and have no contacts with California. Neither Doug nor Troy conduct business in California. (Doug Decl., ¶ 3; Troy Decl., ¶ 3).

Further, nothing in Plaintiff's First Amended Complaint supports a finding of general personal jurisdiction over Mountain West. To the contrary, Plaintiff admits that Mountain West is a foreign corporation and offers no allegations, much less any specific examples of "substantial" contacts or "continuous and systematic" activities Mountain West carries out in California. There is simply no basis upon which California could fairly and justly be regarded as Mountain West's "home." Therefore, this Court should find that general personal jurisdiction over Mountain West does not exist.

Likewise, neither Doug nor Troy have any "substantial" contacts or "continuous and systematic" activities in California. There is no basis for general personal jurisdiction over Doug or Troy and this Court should find that general personal jurisdiction over them does not exist.

**2. Specific jurisdiction over Doug, Troy, and Mountain West does not exist as they did not purposefully direct activities or avail themselves to California.**

Again, to establish specific jurisdiction over a nonresident defendant, Plaintiffs must demonstrate that: (1) the defendant purposefully directed activities toward the forum or purposefully availed himself of the benefits and protections of the forum's laws; (2)

DEFENDANT MOUNTAIN WEST, DOUG, AND TROY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

the claim arises out of the defendant's forum-related activities; and (3) exercise of jurisdiction would be reasonable. *Schwarzenegger*, 374 F.3d at 802.

To determine the existence of purposefully directed activities toward a forum, courts have held that purposefully directed or availed means that the defendant's contacts with the forum state must not be random, fortuitous, attenuated, or the result of unilateral activity of a third person or another party. *Burger King v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *World-Wide Volkswagen Corp. et al. v. Woodson*, *District Judge of Creek County, Oklahoma, et al*., 444 U.S. 286, 291-9 (1980). *In Hanson v. Denckla*, 357 U.S. 235 (1958) the Court observed that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson,* at 253 citing *International Shoe*, at 319. Here, Plaintiffs' have not alleged *any* contacts between Doug, Troy, and Mountain West and Thart. As such, there is simply no basis to exercise specific personal jurisdiction over Doug, Troy, and Mountain West in California.

For all the foregoing reasons, Doug, Troy, and Mountain West did not purposefully direct activities or avail themselves to California. Hence, California lacks personal jurisdiction over Doug, Troy, and Mountain West.

**3. Specific jurisdiction over Doug, Troy, and Mountain West also does not exist because the exercise of jurisdiction would not be reasonable.**

Due Process requires that the exercise of personal jurisdiction over a non-resident defendant be fair and reasonable under the circumstances. *Burger King Corp.*, at 475-76; *World-Wide Volkswagen Corp.,* at 291-92; *International Shoe*. In determining reasonableness, courts consider seven factors: (1) the extent of the defendant's purposeful interjection in the forum state; (2) the burden on the defendant of defending the lawsuit in the forum state; (3) the extent of any conflict with the sovereignty of the defendant's home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

See *Harris Rutsky Co. v. Bell Clements*, 328 F.3d 1122, 1129 (9th Cir. 2003); *Core-Vent Corp. v. Nobel Indus*tries, 11 F.3d 1482, 1487-88 (9th Cir. 1993). Exercising jurisdiction over Doug and Troy, non-resident individuals, with no contacts with the State of California would not be fair or reasonable. Likewise, exercising jurisdiction over Mountain West, a non-resident corporation with no continuous or systematic contacts within the State of California would not be fair and reasonable.

With respect to the extent of the Defendants' purposeful interjection in the forum state, this fails on its face. As thoroughly discussed above, the Defendants did not have any contacts or involvement with Thart and did not avail themselves to benefits and protections of California. Based on the case law and lacking evidence of Doug, Troy, or Mountain West's purposeful activities directed at California, this factor favors a finding that the exercise of personal jurisdiction over Doug, Troy, and Mountain West is unreasonable.

With specific answer to the burden on Defendant to defend the lawsuit in the forum state, there would be a significant burden on Mountain West to litigate this matter in California. The headquarters are in Utah, and everyone involved in the transactions with the McAllister Plaintiffs are located in Utah. The property at issue is located in Texas. As such, this factor too favors a finding that the exercise of personal jurisdiction over Doug, Troy, and Mountain West is unreasonable.

With respect to the extent of any conflict with the sovereignty of the Defendants' home state and the forum state's interest in adjudicating the dispute, the transactions between Defendants and the McAllister Plaintiffs all occurred in Utah. With the exception of Plaintiffs' claim for Federal Securities Fraud, all the other causes of action alleged against Defendants are governed by and should be resolved under the laws of Utah, not California. Again, these factors favor a finding that the exercise of jurisdiction over Doug, Troy, and Mountain West is unreasonable.

Finally, with respect to the remaining factors-- the most efficient judicial resolution of the controversy; the importance of the forum to the plaintiff's interest is

convenient and effective relief; and the existence of an alternative forum, these factors too favor a finding that the exercise of jurisdiction over Doug, Troy, and Mountain West is not appropriate. Undoubtedly, the most efficient and effective resolution of the McAllister Plaintiffs' claims can be achieved in Utah.

For all the foregoing reasons, under the circumstances, the exercise of personal jurisdiction over Doug, Troy, and Mountain West, non-resident   defendants, is not fair and reasonable.

### 4.  Supplemental Jurisdiction would not be reasonable

Plaintiffs seek to invoke this Court's federal question jurisdiction based on the First Cause of Action arising under the Federal Securities Exchange Act. Plaintiffs remaining causes of action arise under state law. The Court should decline to exercise supplemental jurisdiction over any of the remaining state law claims. *See Royal Canin U. S. A., Inc. v. Wullschleger,* 604 U.S. 22, 145 S. Ct. 41 (2025) (removal of all federal questions deprived district court of supplemental jurisdiction over remaining state-law claims); *City of Whittier v. United States Dept. of Justice*, 598 F.2d 561, 564 (9th Cir. 1979) ("Dismissal of the federal claim before trial warranted dismissal of the City's state law claim as well.").

A district court "may decline to exercise supplemental jurisdiction over a claim…[if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The appropriateness of federal jurisdiction depends "on the substance of the suit—the legal basis of the claims (federal or state?) and the citizenship of the parties (diverse or not?). ... the rule that jurisdiction follows the operative pleading serves a critical function. It too ensures that the case, as it will actually be litigated, merits a federal forum." *Royal Canin,* 604 U.S. at 38–39. When the federal-law claim is removed, "federal-question jurisdiction dissolves." *Id*. ("[W]ith any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started."). Whether this occurs by an

DEFENDANT MOUNTAIN WEST, DOUG, AND TROY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

amendment to the complaint removing the federal claims or the dismissal of such claims, should not matter.

Accordingly, the Court should decline to exercise supplemental jurisdiction over the claims. Doug, Troy, and Mountain West, as detailed below, have no connection to California. Both Doug and Troy reside in Utah. Mountain West is a foreign corporation and has no businesses, subsidiaries, or other sufficient minimum contacts in California. Doug, Troy, and Mountain West were only involved with the McAllister Plaintiffs, who also reside in Utah. The transactions did not occur in California and the properties at issue are not located in California. As evident by the lack of specific allegations in the First Amended Complaint related to Doug, Troy, and Mountain West, their involvement with *two* non-California plaintiffs in the alleged non-California transactions involving non-California real property were limited.

Importantly, "the mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. §§ 131 and 1343(a)(3)." *Woodly v. Balt. Gas & Elec.*, No. JKB-24-01813, 743 F. Supp. 3d 689, 693 (D. Md. 2024) (quoting *Lovern v. Edwards*, 190 F.3d 648, 654- 55 (4th Cir. 1999)). Instead, "[f]ederal jurisdiction requires that a party assert a substantial federal claim." *Id*. (quotation omitted). Here, Plaintiffs' securities law claims are without merit with respect to Doug, Troy, and Mountain West. The statute of limitations has clearly run, and Plaintiffs have failed to meet the requisite pleading requirements in their First Amended Complaint. Additionally, Plaintiffs state law claims "substantially predominate over the federal securities law claims in terms of proof, the scope of the issues raised, and the comprehensiveness of the remedy sought." *Probility Media Corp. v. Isen*, No. 17-CV-2583-CAB-WVG, 2018 U.S. Dist. LEXIS 230534 (S.D. Cal. Mar. 28, 2018) (declining to exercise supplemental jurisdiction over state law claims after dismissing securities law claims); *citing United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130 (1966).

As such, Plaintiffs should not be allowed to rely on vague federal claims in order to haul Doug, Troy, and Mountain West into California. This Court should decline an

DEFENDANT MOUNTAIN WEST, DOUG, AND TROY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  exercise supplemental jurisdiction.

2      **B.    Plaintiffs' First Cause of Action Must be Dismissed Because of the**
3          **Statute of Limitations.**

4          Plaintiffs' have pled that the "[i]vestement in TIC interests was a security as defined
5  by 15 U.S.C. § 77b (a)(1)." (Dkt. 91, ¶ 109). The Securities Act of 1933 provides that any
6  action must be brought "within one year after the violation upon which it is based." 15
7  U.S.C. § 77m. It is Defendants' understanding that Plaintiffs believe that the statute of
8  limitations for this matter is controlled by 28 U.S.C. § 1658(b), which would allow two
9  years from the Plaintiffs' discovery of facts constituting a violation. While Plaintiffs
10 appear to rely on *York County v. HP, Inc.*, 65 F.4th 459 (9th Cir. 2023), Defendants do
11 not find this case to be instructive, as the case only addressed claims that arose under 15
12 U.S.C. § 78j(b) and only addresses the application of the discovery rule; not how a court
13 should resolve issues with competing statutes of limitations. As 15 U.S.C. § 77m is more
14 specific than 28 U.S.C. § 1658(b), Defendants argue the Court should apply the one-year
15 statute of limitations provided for by 15 U.S.C. § 77m. *See Perez-Guzman v. Lynch, 835*
16 *F.3d 1066, 1075 (9th Cir. 2016) ("The canon provides that a 'narrow, precise, and*
17 *specific' statutory provision is not overridden by another provision 'covering a more*
18 *generalized spectrum' of issues. Radzanower v. Touche Ross & Co., 426 U.S. 148, 153–*
19 *54, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). When two statutes come into conflict, courts*
20 *assume Congress intended specific provisions to prevail over more general ones.").*

21         Plaintiffs first filed more than a year after the alleged violations. Plaintiffs' First
22 Amended Complaint does not attempt to explain why Plaintiffs failed to file within the
23 one-year statute of limitations. Plaintiffs have alleged that an April 30, 2024 email from
24 Long, "was the first time Long, Millcreek, Millrock, Colliers and other Defendants
25 disclosed to Plaintiffs that their funds were used to pay $2,000,000 to Paulse for equipment
26 and start up costs," and that in June 2024, "Plaintiffs' learned that Pulse, Achy Legs and
27 Spectre's assets had been secured by a UCC lien in July 2022 filed by another creditor."
28 (Dkt. 91 ¶ 98, 100). These allegations do not cure Plaintiffs late filing. The trigger date is

DEFENDANT MOUNTAIN WEST, DOUG, AND TROY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

"when the defendants sold what could be unregistered securities." *Gardner v. Inv'rs Diversified Capital, Inc.,* 805 F. Supp. 874 (D. Colo. 1992); *Doran v. Petroleum Mgmt. Corp.,* 576 F.2d 91, 95 (5th Cir. 1978). The limitations period runs from the date of the violation, *not the date Plaintiffs discovered such violation*, because "non-registered violations are easily uncovered." *Argent Classic Convertible Arbitrage Fund, L.P. v. Amazon.com, Inc.*, No. C01-0640L, 2003 WL 26116562, at *4 (W.D. Wash. Jan. 6, 2003); *see also Temple v. Gorman,* 201 F. Supp. 2d 1238, 1242 (S.D. Fla. 2002); *Blatt v. Merrill Lynch,* 916 F. Supp. 1343, 1352 (D.N.J. 1996); *Snyder v. Newhard, Cook & Co.,* 764 F. Supp. 612, 618 (D. Colo. 1991)); *Cook v. Avien, Inc.*, 573 F.2d 685 (1st Cir. 1978); *Gridley v. Cunningham,* 550 F.2d 551, 552-53 (8th Cir. 1977) (*Mason v. Marshall,* 412 F. Supp. 294, 299 (N.D. Tex. 1974), *aff'd,* 531 F.2d 1274 (5th Cir. 1976);  *Shuman v. Sherman,* 356 F. Supp. 911, 912-13 (D.Md. 1973); *Moerman v. Zipco, Inc.,* 302 F. Supp. 439, 445 (E.D.N.Y. 1969), *aff'd,* 422 F.2d 871 (1970).

To comply with the statute of limitations and satisfy the pleading requirements of Section 12(a)(1), because the Original Complaint was filed December 18, 2024, Plaintiffs must have alleged some violation, *e.g.*, the date Defendants sold one of the Plaintiffs unregistered securities, on or after December 18, 2023. Plaintiffs have not. Instead, the First Amended Complaint merely sets forth various dates related to the transactions and representations by Defendants that occurred in 2022, January 2023, and May 2023. (Dkt. 91 ¶ 6-10). The warranty deeds for the Properties show the most recent acquisition by Plaintiffs of an alleged Property was over a year *before* Plaintiffs filed their Original Complaint on December 18, 2024. The Court must dismiss.

### C. Plaintiffs' First and Second Causes of Action Must be Dismissed for Failing to Comply with The Heightened Pleading Standard Under the PSLRA.

Plaintiffs' First and Second Causes of Action must be dismissed under the heightened pleading standard of the Securities Litigation Reform Act of 1995 (the

14

"PSLRA").[2] *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) (a complaint asserting claims under section 10(b) and Rule 10(b)(5) "must satisfy the dual pleading requirements of Federal Rule of Civil Procedure 9(b) and the PSLRA.").

To succeed on a claim under section 10(b) and Rule 10(b)(5), Plaintiffs must show: "(1) a material misrepresentation or omission; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation." *Oregon Pub. Employees Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 603 (9th Cir. 2014) (*citing Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc.*, 552 U.S. 148, 157 (2008)). Plaintiffs miss this standard.

Under the first element, a plaintiff "must show that each defendant made a statement that was misleading as to a material fact." *In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 856 (2019) (quoting *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27 (2011)). "[A] statement is misleading if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists." *Onie v. Conners*, 610 F.3d 1103, 1109 (9th Cir. 2010) (citations omitted). A fact is material "when there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Matrixx Initiatives*, 563 U.S. at 38 (internal quotations and citations omitted). A plaintiff must also state the reasons why "each statement is false or misleading." *Hable v. Godenzi,* No. 24-646, 2023 WL 8653185 (9th Cir. Dec. 31, 2024); *citing* 15 U.S.C. § 78u-4(b)(1).

Plaintiffs fail to satisfy this standard. Plaintiffs allege that "Doug and Troy verbally stated to the McAllisters that they had personally invested in Millcreek properties, could vouch for the professionalism and knowledge of Millcreek and stated that there was no risk because the McAllisters could sell their interests at any time" and "[w]hen asked if

---

[2] To the extent that Plaintiffs' First and Second Causes of Action reference treble damages because "Defendants' conduct caused elder Plaintiffs, senior citizens substantial loss of property…" (Dkt. 91, ¶ 127), Doug, Troy and Mountain West would note that the McAllister Plaintiffs were both under the age of 65 at the time of the transactions at issue.

DEFENDANT MOUNTAIN WEST, DOUG, AND TROY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

they received compensation in connection with the sale of the Property of the McAllisters, Doug and Troy falsely states that they did not." (Dkt. 91, ¶ 19). "They also stated tha the Property would be professionally managed and Plaintiffs would not have to personally deal with the Property." (Dkt. 91, ¶54). "Doug and Troy Scheel reviewed the Offering Memorandum with Chad McAllister via telephone, during the due diligence period, and encouraged the McAllisters to invest in a Millcreek property. Based on Doug and Troy Scheel's recommendations, the McAllisters identified the Crocket Property…" (Dkt. 91, ¶ 81).

These allegations are not sufficient to pled to identify material misrepresentations or state they are false or misleading. A blanket allegation that incorporates "all allegations" in the First Amended Complaint dealing with fraud is also insufficient. *Id.*.; *see Innovatel Servs. Inc. v. First Bridge Merch. Sols., LLC*, No. 220CV07681, 2021 WL 3415218, at *8 (C.D. Cal. Mar. 19, 2021); *Maeda v. Pinnacle Foods Inc.*, 390 F. Supp. 3d 1231, 1252 (D. Haw. 2019). Defendants should not have to guess which of the preceding paragraphs applies to the Section 10(b)/Rule 10(b)(5) claim.

Even if Plaintiffs could somehow show that they adequately pled material misrepresentations, they fail to plead scienter with particularity. *Zucco Partners, LLC*, 552 F.3d at 990 (In securities fraud cases, plaintiffs are required to plead both falsity and scienter with particularity.) Plaintiffs need to show that "the defendants made false or misleading statements either intentionally or with deliberate recklessness." *Zucco Partners, LLC*, 552 F.3d at 991. Such assertion "must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc.,* 551 U.S. at 314.

Plaintiffs have failed to do so. There is no specific allegation that Doug, Troy, or Mountain West intentionally or with "deliberate recklessness" made any misrepresentations to the McAllister Plaintiffs. Instead, Plaintiffs just parrot the elements for a securities fraud claim. (Dkt. 91, ¶ 109-113). Simply reiterating the legal standard is

DEFENDANT MOUNTAIN WEST, DOUG, AND TROY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

wholly insufficient. *See Branca v. Ocwen Loan Servicing, LLC,* No. CV 13-7502 BRO (Ex), 2013 WL 12120261, at *1 (C.D. Cal. Dec. 27, 2013).

Plaintiffs' in their Second Cause of Action pled claims under Rule 10(b)(5)-(a) and Rule 10(b)(5)-(c), however, both claims are merely a recast of Plaintiffs' claims under Rule 10(b)(5)-(b). While the Ninth Circuit and California federal courts have clearly held that Rule 10(b)(5)-(a) and (c) claims can overlap with Rule 10(b)(5)-(b) claims, the recent case law does not alter the requirement that the misstatements under Rule(b)(5)-(b) must still be sufficiently pled in order for such conduct to also support claims under (a) and (c). *See In re Alphabet, Inc. Sec. Litig.,* 1 F.4th 687, 709 (9th Cir. 2021); *Sec. & Exch. Comm'n v. Earle*, No. 3:22-CV-01914-H-MDD, 2023 WL 2899529, at *7 (S.D. Cal. Apr. 11, 2023) ("In *Lorenzo*, the Supreme Court recognized the "considerable overlap" between the subsections of Rule 10b-5….The Ninth Circuit is clear that the "argument that Rule 10b-5(a) and (c) claims cannot overlap with Rule 10b-5(b) statement liability claims is foreclosed by *Lorenzo*." (citing *Lorenzo v. Sec. & Exch. Comm'n*, 587 U.S. 71(2019) and *In re Alphabet, Inc. Securities Litigation*, 1 F. 4th at 709)).

As shown above, Plaintiffs have failed to sufficiently plead a material misrepresentation or any other conduct that would support Plaintiffs Rule 10(b)(5)-(a) and (c) claims. Accordingly, Plaintiffs' First and Second Causes of Action must be dismissed under the PSLRA.

### D.    Plaintiffs' Fifth Cause of Action for Breach of Fiduciary Duty Must be Dismissed for Failing to State a Claim

"'The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." (*Knox v. Dean*, 205 Cal.App.4th 417, 432 (2012) (citations omitted). Plaintiffs allege that Defendants breached their fiduciary duty to Plaintiffs by failing to disclose material information about the investments, failing to conduct adequate due diligence on the tenants,

and conflicts of interest, and fees charged for the investments.[3] Plaintiffs in their eighth

cause of action pled professional negligence, also based on the allegation that Defendants

failed to disclose relevant information.

Courts have recognized the distinctions between breach of fiduciary duty and

negligence causes of action.  A claim for breach of fiduciary duty must involve more than

the failure to meet the standard of care.  *Buehler v. Sbardellati,* 34 Cal.App.4th 1527, 1544

fn. 9 (1995) (stating "there is authority for the view the breach of fiduciary duty theory is

separate from the professional negligence theory" but "leav[ing] any resolution of this

separate cause of action question to another case.").  Other jurisdictions have found that a

breach of fiduciary cause of action will not survive if based on duplicative allegations of

professional negligence. *See Pippen v. Pedersen and Houpt,* 369 Ill.Dec. 384, 391

(2013) (no breach of fiduciary duty cause of action as "plaintiff's negligence and breach of

fiduciary duty claims share the same operative facts and injuries ... and those injuries were

actually caused by defendant's allegedly negligent acts"); *Cosmetics Plus Group, Ltd. v.

Traub,* 105 A.D.3d 134, 143 (2013) ("[W]e find that the cause of action for breach of

fiduciary duty was properly dismissed as duplicative of the legal malpractice claim. It arose

out of the same facts as the legal malpractice claim ..."); *Nettleton v. Stogsdill*, 387

Ill.App.3d 743 (2008) ("Because plaintiff's claim for breach of fiduciary duty was based

on the same operative facts and alleged the same injury as her claim for legal malpractice,

the dismissal of plaintiff's breach of fiduciary duty claim was appropriate"); *Pereira v.

Thompson*, 230 Or.App. 640 (2008) (two "claims are distinct" because "[a]n attorney

negligence claim concerns competence [and] a breach of fiduciary claim concerns

loyalty"); and *Aller v. Law Office of Carole C. Schriefer,* 140 P.3d 23, 28 (Colo.Ct.App.

2005) ("When a legal malpractice claim and a breach of fiduciary duty claim arise from

---

[3] Because Plaintiffs have lumped all Defendants together in their pleading, it is unclear whether Plaintiffs allege that Doug, Troy,  and Mountain West owed a fiduciary duty to all Plaintiffs or only to the McAllister Plaintiffs.

DEFENDANT MOUNTAIN WEST, DOUG, AND TROY'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

the same material facts, the breach of fiduciary duty claim should be dismissed as duplicative.").

As noted in *Buehler* and other jurisdictions, a breach of fiduciary cause of action cannot survive when it's merely a recast of the professionally negligence cause of action. There must be more. Here, Plaintiffs merely allege "Defendants breached the duty to disclose material information regarding the investments, including the risks, the creditworthiness and lack of operating history of the tenants, the failure to conduct adequate due diligence on the tenants, conflicts of interest, fees charged reducing the funds actually invested, and all other materials facts alleged hereinabove." (Dkt. 91, ¶ 156). Such allegations are nothing more than a recast of Plaintiffs claim for professional negligence. Without more, Plaintiffs' breach of fiduciary duty cause of action cannot stand.

### E.    Plaintiffs' Seventh Cause of Action for Conversion Must be Dismissed for Failing to State a Claim

"Conversion is the wrongful exercise of dominion over the property of another." *Oakdale Vill. Group v. Fong,* 43 Cal.App.4th 539, 543, 50 Cal.Rptr.2d 810 (1996). "The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Mindys Cosms., Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (citing *Oakdale Vill. Group v. Fong,* 43 Cal.App.4th at 543–44). "It is necessary to show that the alleged converter has assumed control over the property 'or that the alleged converter has applied the property to his own use.'" *Id.* Along with these, generally, a plaintiff must plead that the defendant committed a wrongful act which typically involves misappropriating, commingling, or misapplying the funds for the benefit of others. *Id.* (citing *LA Tech & Consulting, LLC v. Am. Express Co.*, 2023 WL 8166780, at *1 (9th Cir. Nov. 24, 2023)).

Here, Plaintiffs have alleged that "Defendants converted Plaintiffs' funds for their own use and intentionally deprived Plaintiffs of their rightful ownership and possession of said funds" and that "Defendants knowing and intentionally diverted the Plaintiffs

funds to other purposes, including primarily payments to or for the benefit of himself." (Dkt. 91, ¶ 175; 177). Such a bare recitation of the elements, against all Defendants collectively, without identification of specific wrongful acts, is not sufficient to state a claim. *Nat'l Specialty Pharmacy, LLC v. Padhye*, 734 F. Supp. 3d 922, 929 (N.D. Cal. 2024) ("The conspiracy allegations are again vague and conclusory. This claim is again asserted against "all Defendants" without distinction…. does not identify any particular property that was allegedly converted by either company, nor does it allege any specific act to wrongfully convert any property. Without such allegations, NSP has failed to state a claim..."). Plaintiffs' Seventh Cause of Action for conversion should be dismissed for failing to state a claim.

### F. Plaintiffs' Eighth Cause of Action for Constructive Fraud Lacks Particularity in Violation of Rule 9(b).

Plaintiffs fail to plead their fraud-based claims with particularity, including Plaintiffs' Eighth Cause of Action for Constructive Fraud. The Court should dismiss this claim against Doug, Troy, and Mountain West, as "Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud . . . .'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks and citations omitted). Only "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* "Any averments which do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Kearns*, 567 F.3d 1124 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)).

Rule 9(b) also prohibits "merely lump[ing] multiple defendants together" and requires Plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his or her alleged

participation in the fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007); *Tuttle v. Treasure Valley Marine, Inc.*, No. 1:15-cv-00314-BLW, 2016 WL 3198230, at *3 (D. Idaho June 8, 2016) Thus, a plaintiff alleging claims against multiple defendants must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme to satisfy Rule 9(b). *Id.*

This heightened pleading standard is applicable to any claims "grounded in fraud" or which "sound in fraud." *Mostowfi v. 12 Telecom Int'l, Inc.*, 269 F. App'x 621, 624 (9th Cir. 2008). This includes claims for constructive fraud. *Bank of Am., N.A. v. A & M Dev., LLC*, No. 1:11-cv-00336-BLW, 2012 U.S. Dist. LEXIS 71331 (D. Idaho May 21, 2012) (finding heightened pleading standard applies to constructive fraud claims).

Additionally, for a corporate defendant additional information is needed when pleading fraud. "A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." (Lazar v. Superior Court (1996) 12 Cal.4th 631, 645, citing *Tarmann v. State Farm Mutual Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157.) Where the allegations are generalized as to the speaker or where they lump together multiple speakers, those allegations do not meet the requisite specificity for a fraud cause of action against a corporate entity. (*Tarmann, supra,* 2 Cal.App.4th at 157-158.)

Here, Plaintiffs lump all the defendants together making it impossible to determine what conduct each party allegedly engaged in, and impossible to differentiate the roles of each in the alleged fraud. The "who, what, when, where, and how" elements are entirely done away with in Plaintiffs' conclusory, all-encompassing allegations. Plaintiffs fail to precisely identify the time, place and the nature of every false or misleading statements allegedly made by Doug and/or Troy (and when, or if, they are alleged to have been speaking on behalf of Mountain West), as required. *In re Oak Tech. Sec. Litig.*, 1997 U.S. Dist. LEXIS 18503 (N.D. Cal. Aug. 1, 1997). Plaintiffs Seventh Cause of Action must all

21

be dismissed for failing to satisfy Rule 9(b)'s heightened pleading standard.

### G. Plaintiffs' Eleventh Cause of Action for Violation of Unfair Competition Law Fails to State a Claim

The Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  The "unlawful" prong of the UCL "borrows violations of other laws and treats them as independently actionable." *Daugherty v. Am. Honda Motor Co., Inc*., 144 Cal. App. 4th 824 (2006) (superseded on other grounds as stated in *Kowalsky v. Hewlett-Packard Co*. 771 F. Supp. 2d 1156 (N.D. Cal. 2011)).  The "unfair" prong requires proving either (1) a practice that "offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and that is "tethered to specific constitutional, statutory or regulatory provisions," *Bardin v. Daimlerchrysler Corp*., 136 Cal. App. 4th 1255 (2006); or (2) that "the utility of the defendant's conduct [is outweighed by] the gravity of the harm to the alleged victim," *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144 (2000). The "fraudulent" prong of the UCL "require[s] only a showing that members of the public are likely to be deceived." *Daugherty*, supra.

As to any "unlawful" act, practices prohibited by Section 17200 are "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838-9 (1994).  Plaintiffs are required to allege the specific law violated to use this prong.  *Khoury v. Maly's of Calif., Inc*., 14 Cal.App.4th 612, 616 (1993) (sustaining a demurrer to a Section 17200 claim without leave to amend because plaintiff did not identify which section of the law had been violated, and merely alleged that "defendants breached [Section 17200] by refusing to sell [the products] to plaintiff for the purpose of ruining and interfering with his beauty supply business, with the effect of misleading plaintiff's customers."). Nowhere do Plaintiffs allege that Doug, Troy, or Mountain West violated any law or undertook any practice forbidden by law—whether civil or criminal, federal, state, or municipal, statutory—giving rise to a claim for "unlawful" business practices.

22

As to the "unfair' prong, Plaintiffs fail to allege any purportedly "unfair" business practices by Doug, Troy, or Mountain West at all, much less with the required specificity. "[T]he word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Comm.'s, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Here, at paragraphs 209-212, Plaintiffs merely summarize the First Amended Complaint and state the legal conclusions that "Defendants' material misrepresentations and omissions described herein constitute unlawful, unfair and false practices" and "Defendants' actions were unfair and unlawful because they engaged in deceptive practices, including the deliberate withholding of material information, failure to provide full and complete disclosures, and engaging in a patterned behavior of misconduct, as set forth above." (Dkt. 91, ¶ 209-212).

Although the statute was intended to provide broad form relief, it was not intended to be a catch all for every alleged wrong committed.

Last, "fraudulent" business practices do not, as some assume, refer to the common law tort of fraud. Rather, this prong of Section 17200 requires a showing that members of the public are "likely to be deceived" by the practices. *South Bay Chevrolet v. GMAC*, 72 Cal.App.4th 861, 888 (1999). Like all other claims, there are no specific allegations that Doug, Troy, and Mountain West made any representation to anyone, or made any statement, likely to deceive the public.

While like elsewhere the term "Defendants" also appears in the Unfair Competition cause of action, this does not save the claim. Although Plaintiffs allege that "Defendants" engaged in the "fraudulent" practices described in the First Amended Complaint; however, as already established, there are no specific allegations that Doug, Troy, or Mountain West made any misrepresentations or concealed any facts.

DEFENDANT MOUNTAIN WEST, DOUG, AND TROY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## V.    CONCLUSION

Respectfully, the instant motion has established that all California courts lack both general and specific personal jurisdiction over Doug Scheel, Troy Scheel, or Mountain West. Specifically, California cannot be fairly regarded as Mountain West's home. Moreover, Mountain West has not purposefully directed activities or availed itself to California. Doug Scheel and Troy Scheel are residents of Utah with no ties to California. As such, Doug Scheel, Troy Scheel, and Mountain West are entitled to an order granting this motion and dismissing this action for lack of personal jurisdiction.

Furthermore, Plaintiffs' claims for Securities Act violations should be dismissed, as the statute of limitations for all of the alleged violations occurred more than a year before the Original Complaint was filed on December 18, 2024.  Plaintiffs' claim for Breach of Fiduciary Duty should be dismissed for failing to state a claim, as its allegations are indistinguishable from Plaintiffs' claim for professional negligence. Additionally, Plaintiffs' have failed to properly plead their claims for violations of Section 10(b) of the Securities Exchange Act, Conversion, Constructive Fraud, and Violations of Unfair Competition Law, as each these claims lacks the specificity and should be dismissed for failing to state a claim.

Dated: May 2, 2025

CLARK HILL LLP

By: */s/ Penelope M. Deihl*
Penelope M. Deihl
Attorney for Defendants,
Douglas Scheel, Troy Scheel, and
Mountain West Commercial, LLC

DEFENDANT MOUNTAIN WEST, DOUG, AND TROY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.


Dated: May 2, 2025                          */s/ Hiba Hammad*
                                            Hiba Hammad