Bentley J. Tolk (*Admitted Pro Hac Vice*)
btolk@parrbrown.com
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone (801) 532-7840

Mitchell B. Malachowski (CA Bar No. 245595)
mmalachowski@tysonmendes.com
Adrian A. Alba (CA Bar No. 352276)
aalba@tysonmendes.com
TYSON & MENDES, LLP
300 S. Grand Avenue, Suite 2780
Los Angeles, California 90071
Telephone (213) 745-8600

Attorneys for Defendant KEVIN LONG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE L. THART; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC.; et al.,<br><br>Defendants. | Case No. 2:24-cv-10876-CV-E<br><br>***EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER; DECLARATION OF BENTLEY J. TOLK**<br><br>District Judge: Hon. Cynthia Valenzuela<br>Magistrate Judge: Hon. Charles F. Eick |

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rules 7-19 and 7-19.1, and the Standing Order for Civil Cases Assigned to Judge Valenzuela, defendants Kevin Long ("Long"); Cams Realty, LLC; Millrock Investment Fund 1, LLC; Brent Smith; Megan Destito; and Southern California Exchange Services, LLC; Troy Scheel; Douglas Scheel; Mountain West Commercial LLC; Colliers International Group, Inc; and KGL Advisors, LLC (the "Stipulating Parties"), through their respective undersigned counsel, respectfully submit this *Ex Parte* Application to Amend the Court's July 30, 2025 Scheduling and Trial Order (Dkt. 132).

## Background

1. This case was filed on December 18, 2024.

2. The first answer in this matter was filed on February 6, 2025.

3. On March 7, 2025, the parties met and conferred pursuant to Rule 26(f) and discussed how discovery would be conducted in this case. (*See* Dkt. 65.)

4. In their joint report, the parties acknowledged that no discovery had taken place as of March 14, 2025, and that they would exchange initial disclosures by April 25, 2025. (*See id*.)

5. After the parties met and conferred, Plaintiffs filed a first amended Complaint on April 4, 2025. (Dkt. 91.)

6. Defendants Brent Smith ("Smith") and Millrock Investment Fund 1, LLC ("Millrock") filed a motion to dismiss the First Amended Complaint on April 18, 2025, one week before the deadline to exchange initial disclosures. (Dkt. 98.)

7. As a result of the motion to dismiss, discovery was automatically stayed in this case by operation of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), pending resolution of Smith and Millrock's Rule 12(b) motion to dismiss. Specifically, the PSLRA states that "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u–4(b)(3)(B).

8. On July 30, 2025, the Court entered a Scheduling and Trial Order (Dkt. 132) (the "Scheduling Order").

9. Pursuant to the Scheduling Order, fact discovery is set to close on January 30, 2026, even though discovery was stayed on April 18, 2025, is still stayed, and will remain stayed for an unknown time.

10. Long's counsel did not reach out to defendant Millcreek Commercial Properties, LLC ("Millcreek"), as it is currently unrepresented, administratively dissolved, and no longer doing business. Long's counsel has no reason to suspect

that Millcreek would oppose an extension of the fact discovery deadline, as it has been prevented from taking discovery due to the PSLRA fact discovery stay. Nevertheless, Long cannot present or assert any positions on behalf of Millcreek.

11. On December 23, 2025, at approximately 3:00 PM Pacific Time, counsel for Long met and conferred via video conference with counsel for Plaintiffs and counsel for most of the Defendants in a meet and confer initiated by counsel for Plaintiffs to discuss, among other things, the PSLRA stay of fact discovery and counsel for Long's request that the parties file a stipulated motion to extend the fact discovery deadline—and all remaining case deadlines in this action—by nine to ten months, with such new deadlines to begin running upon the lifting of the PSLRA stay. Plaintiffs were not willing to agree to that request.

12. On January 23, 2026, at approximately 10:30 AM, Pacific Time, counsel for Long met and conferred via telephone with counsel for Plaintiffs. Plaintiffs' position is set forth below.

## Contact Information for Opposing Counsel

Pursuant to Local Rule 7-19, the Stipulating Parties provide the following contact information for opposing counsel (counsel for Plaintiffs):

Brandon S. Reif (SBN 214706)

Marc S. Ehrlich (SBN 198112)

Rachel D. Dardashti (SBN 292126)

**REIF LAW GROUP, P.C.**

315 S. Beverly Drive, Suite 315

Beverly Hills, CA 90212

Telephone: (310) 494-6500

Email: docket@reiflawgroup.com

breif@reiflawgroup.com

mehrlich@reiflawgroup.com

rdardashti@reiflawgroup.com

Pursuant to Local Rule 7-19.1, on January 23, 2026, at approximately 10:30 AM, Pacific Time, counsel for Long informed counsel for Plaintiffs that he intended to file this application on January 23, 2026, and he communicated to counsel for Plaintiffs the substance of this proposed application. Counsel for Plaintiffs subsequently responded to counsel for Long in writing as follows: "Plaintiffs do not oppose an extension of the fact discovery deadline; however, Plaintiffs oppose the requested length of the extension (nine months). Plaintiffs consent to a ninety (90) calendar day extension of the fact discovery deadline." Email from Brandon S. Reif to Bentley J. Tolk, dated January 23, 2026.

**Pursuant to a request from counsel for Plaintiffs, and due to the visit this weekend to counsel for Plaintiffs of immediate family from out of town, Long's counsel and counsel for Plaintiffs have agreed and stipulated that Plaintiffs may file their opposition one business day after this Application is filed. In other words, Saturday and Sunday will not count toward the opposition deadline, making Plaintiffs' opposition due on Monday, January 26, 2026, at the same time this Application was filed.**

## Legal Standard

An application for *ex parte* relief is granted when (1) the moving party would be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (2) the moving party is without fault in creating the situation requiring *ex parte* relief. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A pre-trial scheduling order may be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Good cause is shown if the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1194 (C.D. Cal. 2009). Here, the standards for *ex parte* relief and modification of the scheduling order are clearly

met because the parties have been prevented from taking fact discovery due to the PSLRA stay.

### Argument

**I.   Good cause exists for extending fact discovery because the PSLRA stay has prevented the parties from conducting discovery.**

Due to the stay of fact discovery under the PSLRA, the Scheduling Order should be modified. Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, the Court may modify the Scheduling Order for good cause. Good cause exists because the PSLRA's automatic discovery stay has prevented the Stipulating Parties – and all parties – from taking discovery, despite the Stipulating Parties' diligence in otherwise proceeding with this case. Indeed, the automatic stay under the PSLRA is broadly applied and "[a]rises automatically without court order." *Eisner v. Meta Platforms, Inc.*, No. 24-CV-02175-CRB (PHK), 2024 WL 2749433, at *3 (N.D. Cal. May 28, 2024). The current January 30, 2026 fact discovery cutoff and the current March 2026 dispositive motion deadline, along with all associated dates, are unworkable in light of the PSLRA stay, which has prevented (and is currently preventing) the Stipulating Parties – and all parties – from engaging in any fact discovery.

Pursuant to the Court's Standing Order, the Stipulating Parties could have, in theory, started discovery once the first answer was filed on February 6, 2025. (*See* Dkt. 74, *but see In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1105 (C.D. Cal. 2007) (implying the Ninth Circuit has held that the automatic stay under the PSLRA applies even before a motion to dismiss is filed and instead applies "from the filing of the case until such time that the court has sustained the legal sufficiency of the complaint" (cleaned up)). But that would have given the Stipulating Parties, at most, only 70 days to engage in discovery before the stay started on April 18, 2025. The parties, however, acknowledged that they had not conducted any discovery as of March 14, 2025, which means the Stipulating Parties actually had, at most, 35 days

to engage in discovery before the stay. In reality, the Stipulating Parties never had a chance to engage in any fact discovery before the PSLRA stay, because the stay took effect a full week before the agreed-upon deadline to exchange initial disclosures. In other words, the PSLRA stay has prevented, and still prevents the Stipulating Parties – and all parties – from engaging in any fact discovery in this case until the stay is lifted.

Thus, good cause exists to extend the deadlines in this case because the PSLRA stay has substantially prevented the Stipulating Parties from conducting fact discovery. The Stipulating Parties respectfully request that the Court extend the fact discovery deadline—and all remaining case deadlines in this action—by nine months, with such new deadlines to begin running upon the lifting of any applicable PSLRA stay. Extending fact discovery by nine months from the date on which the stay is lifted and extending all other deadlines accordingly will restore the time frames intended by the Scheduling Order regarding completion of fact discovery, expert disclosures, motion practice, and trial preparation. Indeed, courts have recognized that stays under the PSLRA give reason to extend case deadlines to account for delays caused by the stay. *See In re Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d 1150, 1167 (S.D. Cal. 2008) (explaining parties could request continuances to current deadlines once a stay under the PSLRA is lifted).

II. **The Stipulating Parties diligently attempted to reach an agreement with Plaintiffs.**

The Stipulating Parties acted diligently in first seeking consent of all parties before filing this *ex parte* application. Specifically, Long's counsel met and conferred with Plaintiffs' counsel on two occasions, as set forth above. Likewise, Long's counsel reached out to counsel for all Defendants on two occasions, as set forth above. (All represented Defendants have joined in this Application.) This approach was meant to avoid burdening this Court with unnecessary motion practice and promote judicial efficiency. However the Stipulating Parties were unable to

reach a resolution with Plaintiffs' counsel. To comply with the requirement set forth in this Court's standing order that all requests for extensions of time be submitted at least five business days prior to expiration of the scheduled date, and due to the extraordinary circumstances created by the PSLRA stay, the Stipulating Parties proceed by way of this *ex parte* application. Likewise, there is not enough time to notice a motion before the current fact discovery deadline expires.

## Conclusion

Accordingly, the Stipulating Parties jointly move the Court to amend the Scheduling and Trial Order (Dkt. 132) and to enter the proposed order that is submitted concurrently herewith.

Dated: January 23, 2026.

TYSON & MENDES, LLP

By: /s/ Mitchell B. Malachowski
Mitchell B. Malachowski
Adrian A. Alba

*Attorneys for Defendant Kevin Long*

Dated: January 23, 2026.

PARR BROWN GEE & LOVELESS, P.C.

By: /s/ Bentley J. Tolk*
Bentley J. Tolk

*Attorneys for Defendant Kevin Long*

Dated: January 23, 2026.

BERKOWITZ OLIVER LLP

<pre>
                              By: /s/ Timothy D. Wallner*
                                  Timothy D. Wallner
                                  Jennifer B. Wieland
                                  Stephanie R. Boord

                                  *Attorneys for Defendants Millrock
                                  Investment Fund 1, LLC and Brent Smith*
</pre>

Dated: January 23, 2026.

STRONG AND HANNI

By: /s/ Stuart H. Schultz*
    Stuart H. Schultz

*Attorneys for Defendant Cams Realty, LLC*

Dated: January 23, 2026.

RIVIERA LAW GROUP, PC

By: /s/ Robert Behrooz Forouzandeh*
    Robert Behrooz Forouzandeh

*Attorneys for Defendants Megan Destito and Southern California Exchange Services, LLC*

Dated: January 23, 2026.

LEWIS BRISBOIS BISGAARD & SMITH

By: /s/ Kristian E. Nelson*
    Kristian E. Nelson
    Larissa G. Nefulda
    Esther P. Holm

*Attorneys for Defendant Colliers International Group, Inc.*

Dated: January 23, 2026.

CLARK HILL LLP

By: /s/ Penelope M. Deihl*
    Penelope M. Deihl

*Attorneys for Defendants Troy Scheel, Douglas Scheel, and Mountain West Commercial LLC*

Dated: January 23, 2026.

KNH LLP

By: /s/ Chad S. Pehrson*
    Chad S. Pehrson

*Attorneys for Defendant KGL Advisors, LLC*

*\* Signed by filing attorney with permission of counsel.*

## DECLARATION OF BENTLEY J. TOLK

1. I am an attorney admitted *pro hac vice* to practice before this Court in this matter, and a shareholder with Parr Brown Gee & Loveless. I am counsel for Defendant Kevin Long in this matter, and the attorney responsible for the day-to-day handling of this matter. If called as a witness, I could and would testify to all of the following from my own personal knowledge.

2. This case was filed on December 18, 2024.

3. The first answer in this matter was filed on February 6, 2025.

4. On March 7, 2025, the parties met and conferred pursuant to Rule 26(f) and discussed how discovery would be conducted in this case. (*See* Dkt. 65.)

5. In their joint report, the parties acknowledged that no discovery had taken place as of March 14, 2025, and that they would exchange initial disclosures by April 25, 2025. (*See id.*)

6. After the parties met and conferred, Plaintiffs filed a first amended Complaint on April 4, 2025. (Dkt. 91.)

7. Defendants Brent Smith ("Smith") and Millrock Investment Fund 1, LLC ("Millrock") filed a motion to dismiss the First Amended Complaint on April 18, 2025, one week before the deadline to exchange initial disclosures. (Dkt. 98.)

8. As a result of the motion to dismiss, discovery was automatically stayed in this case by operation of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), pending resolution of Smith and Millrock's Rule 12(b) motion to dismiss. Specifically, the PSLRA states that "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u–4(b)(3)(B).

9. On July 30, 2025, the Court entered a Scheduling and Trial Order (Dkt. 132) (the "Scheduling Order").

10. Pursuant to the Scheduling Order, fact discovery is set to close on January 30, 2026, even though discovery was stayed on April 18, 2025, is still stayed, and will remain stayed for an unknown time.

13. I did not reach out to defendant Millcreek Commercial Properties, LLC ("Millcreek") about the application, as Millcreek is currently unrepresented, administratively dissolved, and no longer doing business. I have no reason to suspect that Millcreek would oppose an extension of the fact discovery deadline, as it has been prevented from taking discovery due to the PSLRA fact discovery stay. Nevertheless, Long cannot present or assert any positions on behalf of Millcreek.

11. On December 23, 2025, at approximately 3:00 PM Pacific Time, I (as counsel for Long) met and conferred via video conference with counsel for Plaintiffs and counsel for most of the Defendants in a meet and confer initiated by counsel for Plaintiffs to discuss, among other things, the PSLRA stay of fact discovery and counsel for Long's request that the parties file a stipulated motion to extend the fact discovery deadline—and all remaining case deadlines in this action—by nine to ten months, with such new deadlines to begin running upon the lifting of the PSLRA stay. Plaintiffs were not willing to agree to that request.

12. Pursuant to Local Rule 7-19.1, on January 23, 2026, at approximately 10:30 AM, Pacific Time, via telephone I informed counsel for Plaintiffs that I intended to file this application on January 23, 2026, and I communicated to counsel for Plaintiffs the substance of the proposed application. Counsel for Plaintiffs subsequently responded to me in writing as follows: "Plaintiffs do not oppose an extension of the fact discovery deadline; however, Plaintiffs oppose the requested length of the extension (nine months).

/ / /

/ / /

/ / /

Plaintiffs consent to a ninety (90) calendar day extension of the fact discovery deadline." Email from Brandon S. Reif to Bentley J. Tolk, dated January 23, 2026.

I swear under penalty of perjury under the laws of the United States of America that all of the foregoing is true and correct.

Executed January 23, 2026, at Salt Lake City, Utah

/s/ Bentley J. Tolk