Brandon S. Reif (SBN 214706)
Marc S. Ehrlich (SBN 198112)
Rachel D. Dardashti (SBN 292126)
**REIF LAW GROUP, P.C.**
315 S. Beverly Drive, Suite 315
Beverly Hills, CA 90212
Telephone: (310) 494-6500
Email: docket@reiflawgroup.com
breif@reiflawgroup.com
mehrlich@reiflawgroup.com
rdardashti@reiflawgroup.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE L. THART, an individual and trustee of THE ANNE L. THART LIVING TRUST DATED JULY 1, 1998; RUSSELL CHADWICK MCALLISTER, an individual and trustee of THE MCALLISTER FAMILY TRUST; AMY MCALLISTER, an individual and trustee of THE MCALLISTER FAMILY TRUST; JOSEPH A. PROCOPIO, an individual and trustee of THE JOSEPH A. PROCOPIO SR. FAMILY TRUST; GLENN T. PINDER, an individual and sole member of PINDER ENTERPRISES, LLP,<br><br>        Plaintiffs,<br><br>        vs.<br><br>COLLIERS INTERNATIONAL GROUP, INC., a Canadian corporation; MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK | CASE NO.: 2:24-cv-10876-CV-E<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO AMEND SCHEDULING ORDER**<br><br>Date: January 26, 2026<br>Time: N/A<br>Courtroom: 10B<br><br>District Judge: Hon. Cynthia Valenzuela<br>Magistrate Judge: Hon. Charles F. Eick<br><br>Complaint Filed: 12/18/2024 |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | INVESTMENT FUND 1, LLC, a Utah limited liability company; KEVIN LONG, an individual; BRENT SMITH, an individual; DOUGLAS SCHEEL, an individual; TROY SCHEEL, an individual; MOUNTAIN WEST COMMERCIAL LLC, a Utah limited liability company; MEGAN DESTITO, an individual; CAMS REALTY, LLC, a Utah limited liability company; KGL ADVISORS, LLC, a Utah limited liability company; and DOES 1-10, inclusive,<br>    Defendants. |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18 | MEGAN DESTITO,<br>    Counter-Claimant,<br> vs.<br>ANNE L. THART, an individual and trustee of THE ANNE L. THART LIVING TRUST DATED JULY 1, 1998; and ROES 1 through 5, inclusive,<br>    Counter-Defendants. |

TO THE COURT, THE PARTIES AND ATTORNEYS OF RECORD:

Plaintiffs submit this timely response to the *ex parte* application.

## I. INTRODUCTION

Defendants seek extraordinary relief on an *ex parte* basis: an order continuing all case deadlines, including trial, for nine months following the lifting of a PSLRA discovery stay whose duration is unknown and which was triggered only by motions filed by only five of eleven defendants in this action.

Plaintiffs do not oppose a limited, finite extension of the fact discovery deadline to prevent technical lapse of discovery that has not begun, while motions are pending with the Court. Plaintiffs do oppose Defendants' request to suspend the entire Scheduling Order indefinitely, which is unsupported by the governing legal standards and would cause substantial prejudice.

*Ex parte* relief is reserved for emergencies—only the fact discovery cut-off is an emergency for which Plaintiffs do not oppose a limited, finite extension.

## II. DEFENDANTS FAIL TO SATISFY THE STANDARD FOR EX PARTE RELIEF

An *ex parte* application is appropriate only where the moving party demonstrates both (1) irreparable prejudice absent immediate relief and (2) that the urgency was not self-created. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Defendants meet neither requirement.

There is no irreparable harm in allowing the existing trial, expert and dispositive motion dates to remain in place. At most, Defendants face the ordinary prospect that scheduling adjustments may later be required, a circumstance routinely addressed through noticed motions or scheduling conferences.

Nor is the alleged urgency unforeseen. Defendants elected to file motions to dismiss the pleading knowing that their filings would trigger the PSLRA discovery stay. Having chosen that litigation strategy months ago, Defendants cannot now rely on its

predictable consequences to justify emergency relief for all the existing deadlines.

### III. DEFENDANTS HAVE NOT SHOWN GOOD CAUSE TO CONTINUE ALL DEADLINES

Rule 16(b)(4) permits modification of a scheduling order only upon a showing of diligence and good cause. Defendants make no such showing here.

Key facts are undisputed:

1. Only two separately defended defendants (Millrock Investment Fund 1, LLC and Brent Smith and Mountain West Commercial, LLC, Doug Scheel and Troy Scheel) filed motions to dismiss triggering the PSLRA discovery stay.

2. Six defendants, including Colliers International Group, Inc., Kevin Long, Megan Destito, Southern California Exchange Services, LLC, CAMS Realty, LLC and KGL Advisors LLC, have answered the First Amended Complaint.

3. Defendant Kevin Long did not challenge the pleadings.

The pending motions will not resolve the action in its entirety.

Despite this, Defendants seek to halt the entire case—including trial—until an indeterminate future date. That request is overbroad and premature.

Courts applying the PSLRA do not automatically suspend case management wholesale. Rather, they tailor discovery deadlines while preserving judicial control over the civil action. Defendants' proposal would improperly strip the Court of its case management control.

### IV. THE REQUESTED EXTENSION IS INDEFINITE AND PREJUDICIAL

Defendants' request for "nine months from the lifting of the stay" is not a defined extension. It is open-ended and potentially unlimited.

This creates concrete prejudice, including:

- Age-based prejudice — Plaintiff Glenn T. Pinder is 87 years old and alleges

financial elder abuse. Further delay risks deprive him of meaningful participation in discovery and trial.

- Evidentiary prejudice — Witness availability, memory, and document preservation deteriorate with time.
- Asymmetric delay — Defendants are involved in other proceedings concerning the same alleged conduct, while Plaintiffs unfairly and unjustly remain stayed.

Such delay is inconsistent with Federal Rule of Civil Procedure 1's mandate "to secure *just, speedy*, and inexpensive determination of every action and proceeding." (Emphasis added). There is nothing "just" or "speedy" about the moving parties' requested relief.

## V. A LIMITED EXTENSION OF FACT DISCOVERY IS SUFFICIENT

Plaintiffs' position of a limited extension of the fact discovery deadline is measured and reasonable.

A ninety (90) day extension of the fact discovery deadline, measured from the current cutoff—not from an unknown future event—adequately protects all parties while preserving the Court's ability to manage the case.

During that period, the parties may:

- Meet and confer regarding discovery scope;
- Seek targeted relief regarding the PSLRA stay, if appropriate; and
- Request a scheduling conference should further adjustments be necessary.

No additional relief is warranted at this time.

## VI. REQUEST FOR SCHEDULING CONFERENCE

The previously scheduled Scheduling Conference was vacated by the Court and has not been reset. Plaintiffs respectfully request that the Court set a Scheduling Conference at its earliest convenience to address case management in an orderly and transparent manner.

Plaintiffs further renew their previously stated request (Docket Entry #140) for

expedited treatment of this case, including for resolution of the pending motions, and for relief from the PSLRA stay to preserve critical evidence, pursuant to 28 U.S.C. § 1657, in light of Plaintiff Pinder's age. *See Wakefield v. Global Financial Private Capital, LLC*, No. 15cv0451, 2015 WL 12699870, * 3 (S.D. Cal. Sept. 17, 2015) ("…the court declares this matter is appropriate for preferential trial setting and instructs the parties to schedule a case management conference forthwith…"); *In re Roundup Products Liability Litigation*, MDL No. 2741, No. 16-md-02741-VC, No. 21-cv-4219, 2021 WL 5149860, *1 (N.D. Cal. Nov. 4, 2021) (preferential trial setting denied but expedited trial preservation deposition ordered).

This approach preserves fairness, efficiency, and judicial oversight without granting Defendants an unwarranted, indefinite delay.

## VII.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Deny Defendants' request to continue all deadlines, including trial;
2. Grant a ninety (90) day continuance of the fact discovery deadline only; and
3. Set a Scheduling Conference at the Court's earliest availability to discuss expedited treatment of this case, including for resolution of the pending motions, and for relief from the PSLRA stay to preserve critical evidence.

Dated: January 26, 2026

**REIF LAW GROUP, P.C.**

*Brandon S. Reif*

Brandon S. Reif
Marc S. Ehrlich
Rachel D. Dardashti

*Attorney for Plaintiffs*