Penelope M. Deihl, Esq., SBN 167040
Victoria A. Koenitzer, Esq., SBN 322131
**CLARK HILL LLP**
555 South Flower Street, 24th Floor
Los Angeles, California 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
PDeihl@clarkhill.com
VKoenitzer@clarkhill.com

**Attorneys for Defendants**
DOUGLAS SCHEEL, TROY SCHEEL,
AND MOUNTAIN WEST COMMERCIAL LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ANNE L. THART, an individual and trustee of THE ANNE L. THART LIVING TRUST DATED JULY 1, 1998; RUSSELL CHADWICK MCALLISTER, an individual and trustee of THE MCALLISTER FAMILY TRUST; AMY MCALLISTER, and individual and trustee of THE MCALLISTER FAMILY TRUST; JOSEPH A. PROCOPIO, an individual and trustee of THE JOSEPH A. PROCOPIO SR. FAMILY TRUST; GLENN T. PINDER, and individual and sole member of PINDER ENTERPRISES, LLP,

Plaintiffs,

v.

COLLIERS INTERNATIONAL GROUP, INC., a Canadian corporation; MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company; KEVIN LONG, an individual; BRENT SMITH, an individual; DOUGLAS SCHEEL, an individual; TROY SCHEEL, an individual; MOUNTAIN WEST COMMERCIAL LLC, a Utah limited liability company; MEGAN DESTITO, an individual; CAM REALTY, LLC, a Utah limited liability company; KGL ADVISORS, LLC, a Utah limited liability company; and DOES 1-10, inclusive,

Defendants.

Case No.: 2:24-cv-10876 JLS-E

*Assigned for all purposes to the*
*Hon. Cynthia Valenzuela*
*Courtroom 5D*

**DEFENDANTS DOUGLAS SCHEEL, TROY SCHEEL, AND MOUNTAIN WEST COMMERCIAL LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6)**

DATE: September 25, 2026
TIME: 1:30PM
COURTROOM: 5D

Complaint Filed: December 18, 2024
Trial Date: None

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants DOUGLAS SCHEEL, TROY SCHEEL, AND MOUNTAIN WEST COMMERICAL LLC (collectively "Defendants") submit this reply memorandum in support of their Motion to Dismiss pursuant to Federal Rules of Procedure 12(b)(6).

Dated: September 11, 2026

CLARK HILL LLP

By: [signature]

Penelope M. Deihl
Victoria A. Koenitzer
Attorneys for Defendants,
Douglas Scheel, Troy Scheel, and Mountain West Commercial, LLC

## TABLE OF CONTENTS

I. INTRODUCTION ........ 6
II. DEFENDANTS' MEET AND CONFER EFFORTS DO NOT WARRANT DENIAL OF THE MOTION TO DISMISS ........ 7
III. THE SECOND CAUSE OF ACTION MUST BE DISMISSED BECAUSE IT FAILS TO PLEAD A STRONG INFERENCE OF SCIENTER........ 8
IV. THE SIXTH CAUSE OF ACTION MUST BE DISMISSED ........ 10
V. SUPPLEMENTAL JURISDICTION SHOULD NOT BE PERMITTED ........ 12
A. The Ninth Cause of Action for Breach of Fiduciary Duty Must be Dismissed Because it Improperly Repackages Professional Negligence Allegations and Remains Unclear........ 12
B. The Eleventh Cause of Action for Conversion Must be Dismissed ........ 13
C. The Twelfth Cause of Action for Constructive Fraud Must be Dismissed........ 14
D. The Fifteenth Cause of Action for Violation of Unfair Competition Must be Dismissed........ 15
VI. THE COURT SHOULD DENY FURTHER LEAVE TO AMEND AS TO THE FEDERAL CLAIMS ........ 16
VII. CONCLUSION........ 16
CERTIFICATE OF SERVICE ........ 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bardin v. Daimlerchrysler Corp.*,
136 Cal. App. 4th 1255 (2006) ....................15

*City of Whittier v. United States Dept. of Justice*,
598 F.2d 561 (9th Cir. 1979) ....................12

*Daugherty v. Am. Honda Motor Co., Inc.*,
144 Cal. App. 4th 824 (2006) (superseded on other grounds as stated in *Kowalsky v. Hewlett-Packard Co.* 771 F. Supp. 2d 1156 (N.D. Cal. 2011)) ....................15

*Lazar v. Superior Court*,
12 Cal.4th 631 (1996) ....................14

*Lorenzo v. SEC*,
139 S. Ct. 1094 (2019) ....................10

*Nat'l Specialty Pharmacy, LLC v. Padhye*,
734 F. Supp. 3d 922 (N.D. Cal. 2024) ....................14

*Royal Canin U. S. A., Inc. v. Wullschleger*,
604 U.S. 22 (2025) ....................12

*Schnall v. Hertz Corp.*,
78 Cal. App. 4th 1144 (2000) ....................15

*Tarmann v. State Farm Mutual Auto. Ins. Co.*,
2 Cal.App.4th 153 (1991) ....................14

**Statutes**

15 U.S.C. § 78u-4(b)(2)(A) ....................10

28 U.S.C. § 1367(c)(3) ....................12

Cal. Bus. & Prof. Code § 17200 ....................15

Cal. Bus. & Prof. Code § 17200 et seq. ....................16

Cal. Bus. & Prof. Code § 17500 ....................15

Cal. Bus. & Prof. Code § 17500 et seq. ....................16

**Rules**

Fed. R. Civ. P. 9(b) ....................14, 15

Fed. R. Civ. P. 10b-5....10
Fed. R. Civ. P. 10b-5(b)....10
Local Rule 7-3....7

# I. INTRODUCTION

Plaintiffs' Opposition confirms that Plaintiffs seek to impose federal securities liability upon Douglas Scheel ("Doug"), Troy Scheel ("Troy"), and Mountain West Commercial, LLC ("Mountain West") (collectively "Defendants" or "Mountain West Defendants") based primarily upon alleged referral compensation, a subjective valuation opinion, and the ultimate failure of an investment sponsored, structured, marketed, and managed by other defendants.

The Court previously held that the First Amended Complaint ("FAC") adequately alleged certain statements attributed to Doug and Troy, but failed to plead particularized facts giving rise to a strong inference that Doug, Troy, or Mountain West acted intentionally or with deliberate recklessness to sufficiently alleged scienter. The Court did not merely direct Plaintiffs to place their insufficient scienter allegations under separate headings. It held that Plaintiffs had failed to plead facts independent of falsity establishing the required state of mind. (Dkt. 152, at pg. 19–23.)

The Second Amended Complaint ("SAC") contains allegations concerning Troy's Professional Referral Agreement, Doug's alleged prior evaluation of the Property, the parties' pre-existing relationship, and Mountain West's alleged processing of commissions. However, these allegations do not establish that Doug, Troy, or Mountain West knew the facts Plaintiffs contend rendered the investment fraudulent. These allegations do not establish knowledge of Pulse's alleged financial condition, the alleged UCC lien, the alleged transfer of funds to Pulse, the terms of Millrock's acquisition, or the preparation of the Offering Memorandum. At most, the allegations establish that the Mountain West Defendants had a potential financial interest in the transaction and that Doug previously held a different opinion concerning the Property's valuation.

Plaintiffs' state-law claims remain deficient. Their Fiduciary Duty cause of action is substantially indistinguishable from their Professional Negligence cause of action and is pleaded collectively against defendants who allegedly performed materially different functions. Furthermore, Plaintiffs' claims for Conversion, Constructive Fraud, and Violations of Unfair Competition Law all lack the specificity required to plead such claims and should be dismissed.

## II. DEFENDANTS' MEET AND CONFER EFFORTS DO NOT WARRANT DENIAL OF THE MOTION TO DISMISS

Plaintiffs first urge the Court to deny the Motion based upon an alleged failure to comply with Local Rule 7-3. Defendants contend that the request should be rejected.

As set forth in the Declaration of Penelope M. Deihl and the exhibits attached thereto, Defendants' counsel made numerous efforts, including conferences and written correspondence; however, Plaintiffs' counsel delayed the meet and confer. Defendants' should not be penalized for Plaintiffs' counsel's busy calendar. The moving papers disclosed that counsel engaged in meet-and-confer efforts on August 18, August 21, August 22, and August 25, 2026.

Additionally, Plaintiffs characterize certain arguments as "new." The additional correspondence and discussion merely expanded upon the bases for dismissal already identified during the parties' meet-and-confer process and were provided in response to Plaintiffs' request for further explanation of Defendants' positions. Defendants' efforts to provide additional detail should not be transformed into a basis for denying the Motion.

With respect to the Ninth, Eleventh, Twelfth, and Fifteenth causes of action, those claims were previously asserted in substantially similar form in the First Amended Complaint and were dismissed without prejudice after the Court declined to exercise supplemental jurisdiction over the state-law claims. The legal issues presented by those causes of action therefore were neither surprising nor unfamiliar to Plaintiffs.

Plaintiffs have not demonstrated any prejudice from the timing or scope of the parties' discussions. Plaintiffs filed a comprehensive Opposition addressing each argument raised in the Motion and clearly understood the issues presented. Indeed, the Opposition substantively responds to all challenged causes of action and cites extensive legal authority in the Opposition.

Most importantly, denying the Motion without reaching its merits would merely delay adjudication, require the parties to repeat discussions that have already demonstrated an impasse, and result in re-filing of substantially the same motion. No substantive purpose would be served by that result. Plaintiffs identify no prejudice, and no substantive purpose would be served by denying the Motion without reaching its merits.

## III. THE SECOND CAUSE OF ACTION MUST BE DISMISSED BECAUSE IT FAILS TO PLEAD A STRONG INFERENCE OF SCIENTER

### A. The Court Order Required Particularized Facts Supporting Scienter, Not Merely Organizing the Allegations by Defendant

Plaintiffs' Opposition contains an incomplete characterization of the Court's prior Order. Plaintiffs suggest the principal defect in the First Amended Complaint was organizational, namely, that scienter had not been pleaded separately for the Mountain West Defendants. However, the Order imposed a substantive requirement. The Court held that Plaintiffs were required to plead "particularized facts" that, taken as a whole, raised a strong inference that the Mountain West Defendants acted intentionally or with deliberate recklessness. (Dkt. 152, pg 19-20.) The Court further held that, although some facts may bear on both falsity and scienter, Plaintiffs were required to plead facts independent of falsity supporting the requisite state of mind. (Dkt. 152, pg 20.) Paragraph 116 of the SAC may organize the allegations by defendant, but organization is not a substitute for substantive sufficiency.

### B. Plaintiffs' Allegations Against Troy Do Not Establish Scienter

Even if the Court concludes that the compensation allegation supports scienter concerning the discrete statement about compensation, it does not create a strong inference that Troy knew the other alleged statements were false. The Second Cause of Action encompasses alleged statements concerning investment risk, liquidity, professional management, Millcreek's expertise, and the Scheels' personal investment intentions. (Dkt. 163, ¶¶ 84, 147–154.) The existence of a referral agreement does not establish that Troy knew the Property would not be professionally managed, knew that the tenant was not operating, knew that Pulse would default, knew that the TIC interest could not be resold, or knew that the investment would ultimately lose value.

The Opposition argues that Troy's response to Amy McAllister's request to inspect the Property supports deliberate recklessness. (Dkt. 171, pg. 18.) Even if the underlying fact is accepted as true, the SAC does not allege that Troy knew an inspection would reveal an empty or non-operational facility. Plaintiffs infer that Troy knew the condition of the Property because he allegedly discouraged an inspection, but the SAC does not plead facts showing that Troy had visited the Property, received operational reports, communicated with Pulse, or otherwise had personal knowledge of the Property's

physical or operational condition. The tenant's later default and bankruptcy, the Property's alleged decline in value, and Plaintiffs' subsequent efforts to sell the Property do not demonstrate that Troy knew, in January 2023, that his statements were false.

The alleged compensation arrangement, sales efforts, and pressure surrounding the exchange may at most support a motive to complete the transaction. However, they do not establish the particularized knowledge needed to plead intentional misconduct or deliberate recklessness under the PSLRA.

### C. Plaintiffs' Allegations Against Doug Do Not Establish Scienter

Plaintiffs conflate Doug's subjective, *prior* evaluation of the *value* of the Property with his knowledge of the *operations* and *current* value of the Property. Plaintiffs' scienter theory against Doug rests primarily upon an allegation that, in April 2022, he considered purchasing an interest in the Property and concluded the price per square foot was too high. Plaintiffs compare that allegation to statements allegedly made in January 2023 that the investment was safe, was a "no-brainer," was the "deal of a lifetime," and was worth more than the McAllisters were investing. This does not establish a strong inference of scienter. An alleged opinion in April 2022 that the asking price per square foot was too high does not establish that Doug continued to hold the same view nine months later, that the terms and circumstances remained unchanged, or that he believed the investment lacked value. The SAC alleges a prior valuation view, but it fails to allege particularized facts showing that Doug still held that view when the later statements were made. Importantly, the SAC fails to establish that Doug knew the tenant would default, that Pulse would never operate the surgery center, that the Property would not be professionally managed, or that the TIC interest could not be sold.

### D. Respondent Superior Does Not Cure Plaintiffs' Failure to Plead a Primary Violation Against Troy or Doug

Plaintiffs' argument in their Opposition does not assist Plaintiffs unless they first plead a primary violation by Doug or Troy. Respondeat superior is a derivative theory of liability; it does not reduce the PSLRA's requirement that the alleged primary violator act with scienter. Plaintiffs therefore must first allege facts giving rise to a strong inference that Doug or Troy acted intentionally or with deliberate recklessness. For the reasons addressed above, Plaintiffs have not done so.

Furthermore, Plaintiffs allege that Mountain West processed and received commissions and is charged with knowledge of its agents' compensation arrangements. (Dkt. 171, pg. 21.) Even if Mountain West knew an agreement existed, this does not establish that Mountain West knew what Doug or Troy allegedly told the McAllisters at an in-person meeting or knew that any statement concerning the Property was false.

## IV. <u>THE SIXTH CAUSE OF ACTION MUST BE DISMISSED</u>

### A. *Lorenzo* Does Not Eliminate the Scienter Requirement

*Lorenzo v. SEC*, 139 S. Ct. 1094 (2019) permits overlap among the subsections of Rule 10b-5, but it does not permit Plaintiffs to impose scheme liability upon a defendant without pleading that defendant's knowing or deliberately reckless participation in deceptive conduct. As stated in the Court's prior Order, "[u]nder the PSLRA, in any action that requires a plaintiff to prove a 'defendant acted with a particular state of mind' (i.e., scienter), 'the complaint shall, with respect to each act or omission alleged to have violated this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.' 15 U.S.C. § 78u-4(b)(2)(A) . . ." (Dkt. 152, pg. 22.) Plaintiffs cannot save the Sixth Cause of Action by observing that their scheme-liability claim overlaps with their Rule 10b-5(b) claim. Plaintiffs must, nonetheless, plead particularized facts showing what deceptive act each Mountain West Defendant performed and facts supporting a strong inference that the defendant acted intentionally or with deliberate recklessness.

### B. Plaintiffs Fail to Plead Scienter as to the Alleged Scheme

The Sixth Cause of Action fails because the SAC does not plead a strong inference that Doug, Troy, or Mountain West knowingly participated in the scheme alleged in Paragraph 182. Plaintiffs rely upon the same allegations advanced in support of the Second Cause of Action, including Troy's referral agreement, Doug's alleged prior valuation opinion, the parties' preexisting brokerage relationship, repeated statements concerning the investment, and Mountain West's alleged processing of commissions. None of those facts establishes knowledge of the broader scheme. The alleged scheme depends upon facts concerning Millrock's acquisition price, the alleged markup, the alleged payment of $2 million to Pulse, Pulse's status and operations, the alleged UCC lien, the guarantors' financial condition, the contents of the Offering

Memorandum, and CAMS Realty's post-sale role. The SAC does not allege that Doug, Troy, or Mountain West knew those facts.

The SAC does not plead particularized facts showing that Doug, Troy, or Mountain West knew their respective conduct was deceptive or that they acted with deliberate recklessness. A referral agreement may establish an expectation of compensation. A prior valuation opinion may establish that Doug once considered the price too high. A brokerage relationship may establish an opportunity to recommend the investment. However, these do not collectively establish knowing participation in the alleged scheme involving acquisition, financing, valuation, disclosures, and management arrangements.

**C. The Purported Non-Statement Conduct Does Not Connect Defendants to the Alleged Scheme**

Plaintiffs' Opposition identifies several categories of conduct that they contend support scheme liability against the Mountain West Defendants, including relying upon Troy's execution of a referral agreement, the alleged receipt of referral compensation, Doug's and Troy's recommendation concerning the 1031 exchange, their review of the Offering Memorandum with Chad McAllister, and Troy's alleged discouragement of Amy McAllister's request to inspect the Property. Even if accepted as true, these allegations do not establish that Doug, Troy, or Mountain West knowingly participated in the broader fraudulent scheme alleged in Paragraph 182 of the SAC. The SAC does not allege that Doug, Troy, or Mountain West acquired the Property, selected Pulse as the tenant, negotiated the lease, established the offering valuation, authorized or participated in the alleged payment to Pulse, investigated Pulse, discovered the alleged UCC lien, prepared the Offering Memorandum, or managed the Property after closing. A broker recommending an investment or receiving compensation does not alone establish participation in a fraudulent scheme.

**D. Paragraph 182 Does Not Adequately Plead Each Defendant's Role**

Plaintiffs' Opposition contends that Paragraph 182 is not group pleading because it lists categories of conduct and identifies the defendants associated with some of those categories. Paragraph 182 nevertheless fails to allege which specific act was performed by each Mountain West Defendant and how that act advanced a fraudulent scheme. The paragraph refers collectively to "undisclosed Professional Referral Agreements paying 3% commissions to Doug, Troy, Destito, SCES, and Mountain West," but the

SAC identifies a written agreement only as to Troy.

The Court's prior Order emphasized that multi-defendant fraud pleadings must differentiate among defendants and identify the role of each defendant in the alleged fraud. (Dkt. 152, pg. 18–19.) Merely listing Doug, Troy, and Mountain West together in connection with purported referral agreements does not satisfy that requirement by aggregating Doug, Troy, and Mountain West under a collective reference to referral compensation.

As such, Plaintiffs have failed to sufficiently plead their Sixth Cause of Action against Defendants the Court should grant Defendants' Motion to Dismiss.

**V. <u>SUPPLEMENTAL JURISDICTION SHOULD NOT BE PERMITTED</u>**

Plaintiffs have failed to establish that this Court has jurisdiction over Defendants, and therefore the Court should decline to exercise supplemental jurisdiction over the state law claims. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, (2025) (removal of all federal questions deprived district court of supplemental jurisdiction over remaining state-law claims); *City of Whittier v. United States Dept. of Justice*, 598 F.2d 561, 564 (9th Cir. 1979) ("Dismissal of the federal claim before trial warranted dismissal of the City's state law claim as well."). A district court "may decline to exercise supplemental jurisdiction over a claim…[if] the district court has dismissed all claims over which it has original jurisdiction." (28 U.S.C. § 1367(c)(3).) When the federal-law claim is removed, "federal-question jurisdiction dissolves." *Royal Canin U.S.A* at 39.

As Plaintiffs' second and sixth causes of action, which invoke federal questions, should be dismissed against Defendants, the Court should decline to exercise supplemental jurisdiction over the remaining state law causes of action.

**A. The Ninth Cause of Action for Breach of Fiduciary Duty Must be Dismissed Because it Improperly Repackages Professional Negligence Allegations and Remains Unclear**

Plaintiffs' Ninth Cause of Action for Breach of Fiduciary Duty must be dismissed for failure to state a cause of action against Defendants. Plaintiffs argue that their breach of fiduciary duty claim is distinct from professional negligence because it includes alleged failures of loyalty, including nondisclosure of referral compensation and conflicts of interest. (Dkt. 171, pg. 25-29.) The Opposition, however, confirms the ambiguity identified in Defendants' Motion. Plaintiffs' Ninth Cause of Action

alleges that ten defendants with materially different roles collectively owed fiduciary duties to "Plaintiffs" and collectively breached those duties by failing to disclose the risks of the investment, Pulse's creditworthiness and operating history, due-diligence deficiencies, conflicts of interest, referral commissions, and CAMS Realty's post-sale role. (Dkt. 163, ¶¶ 205–210.) The SAC does not identify which fiduciary duty was owed by which defendant to which plaintiff, or which alleged omission constituted a breach by Troy, Doug, and Mountain West.

In fact, Plaintiffs effectively concede this defect. Plaintiff's Opposition states that, to the extent the Ninth Cause of Action may be read as asserting that Doug, Troy, or Mountain West owed duties to Thart, Pinder, or Procopio, Plaintiffs would "clarify by amendment" that the alleged duty arises from the agency relationship with the McAllisters. (Dkt. 171, pg. 29.) This concession confirms that the SAC, as pleaded, does not clearly identify the parties to the alleged fiduciary relationship.

Based on the lack of specificity in the pleadings, it is unclear to which Plaintiffs such a duty was owed, and which defendants allegedly breached any such duty.. The Ninth Cause of Action attributes all alleged duties and breaches collectively to numerous defendants, does not limit the claim to the McAllisters, and does not distinguish Mountain West's alleged direct duties from its alleged derivative liability for Doug's and Troy's conduct. As such, the Ninth Cause of Action should be dismissed.

**B. The Eleventh Cause of Action for Conversion Must be Dismissed**

Plaintiffs' Eleventh Cause of Action for Conversion must be dismissed for failure to state a claim.

The SAC alleges that the McAllisters voluntarily transferred their exchange proceeds at closing to acquire a 19.7121 percent TIC interest. (Dkt. 163, ¶¶ 15, 93.) Once those funds were transferred as consideration for the TIC interest, Plaintiffs no longer retained ownership or an immediate right to possess the specific closing funds. Plaintiffs cannot convert a dispute over the disclosure or allocation of transaction compensation into a claim that the entire purchase fund remained their property after closing. Additionally, the SAC does not identify a specific sum wrongfully possessed by each of the defendants. Furthermore, Plaintiff's allegation is that compensation associated with that transaction was inadequately disclosed, not that Defendants failed to deliver funds entrusted to them for a designated third party.

Plaintiffs' allegations are plead against "All Defendants" and fail to identify the specific wrongful acts committed by each specific defendant. Such bare recitations are not sufficient to state a

claim. (*Nat'l Specialty Pharmacy, LLC v. Padhye*, 734 F. Supp. 3d 922, 929 (N.D. Cal. 2024) ("The conspiracy allegations are again vague and conclusory. This claim is again asserted against "all Defendants" without distinction…. does not identify any particular property that was allegedly converted by either company, nor does it allege any specific act to wrongfully convert any property. Without such allegations, NSP has failed to state a claim...").) The SAC suffers from the same fate and the Eleventh Cause of Action for Conversion must be dismissed for failure to state a claim against Defendants.

The Opposition ultimately confirms that the alleged wrong is nondisclosure of compensation, which does not establish wrongful dominion over property owned by Plaintiffs. As such, the Eleventh Cause of Action must be dismissed for failure to adequately plead an element of the claim.

**C. The Twelfth Cause of Action for Constructive Fraud Must be Dismissed**

Plaintiffs' Twelfth Cause of Action for Constructive Fraud must be dismissed for failing to state a claim against Defendants. Plaintiffs respond to the Rule 9(b) challenge by collecting allegations from throughout the SAC and identifying alleged statements by Doug and Troy to the McAllisters. (Dkt. 171, pg. 31–32.) This does not resolve the deficiencies in the Twelfth Cause of Action itself. The Twelfth Cause of Action alleges that "Defendants" were fiduciaries, that "Defendants" knew or should have known numerous facts concerning the Property, and that "Defendants" misled "Plaintiffs" by providing inaccurate and incomplete information. (Dkt. 163, ¶¶ 221–224.) The claim is asserted against all defendants and does not distinguish among their different roles, relationships, alleged knowledge, or communications. Although incorporation may provide context, Rule 9(b) requires Plaintiffs to identify each defendant's role in the alleged fraud. Furthermore, the Opposition also does not address the overbreadth of the cause of action as to Plaintiffs other than the McAllisters. The SAC does not allege that Doug, Troy, or Mountain West communicated with, advised, represented, or entered into a fiduciary relationship with Thart, Pinder, or Procopio.

Furthermore, Plaintiffs have not met the pleading standard for fraud against a corporate entity such as Mountain West LLC. "A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." (*Lazar v. Superior Court*, 12 Cal.4th 631, 645, (1996) citing *Tarmann v. State Farm*

*Mutual Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).) Where the allegations are generalized as to the speaker or where they lump together multiple speakers, those allegations do not meet the requisite specificity for a fraud cause of action against a corporate entity. (*Id.* at 157-158.)

As such, the Twelfth Cause of Action must be dismissed for failing to satisfy Rule 9(b)'s heightened pleading standard.

**D. The Fifteenth Cause of Action for Violation of Unfair Competition Must be Dismissed**

Plaintiffs' Fifteenth Cause of Action for Violation of Unfair Competition fails to state a claim against Defendants and should be dismissed. The Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The "unlawful" prong of the UCL "borrows violations of other laws and treats them as independently actionable." *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824 (2006) (superseded on other grounds as stated in *Kowalsky v. Hewlett-Packard Co*. 771 F. Supp. 2d 1156 (N.D. Cal. 2011)). The "unfair" prong requires proving either (1) a practice that "offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and that is "tethered to specific constitutional, statutory or regulatory provisions," *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255 (2006); or (2) that "the utility of the defendant's conduct [is outweighed by] the gravity of the harm to the alleged victim," *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144 (2000). The "fraudulent" prong of the UCL "require[s] only a showing that members of the public are likely to be deceived." *Daugherty*, supra.

1. <u>Plaintiffs Do Not Adequately Plead the Unlawful Prong Against Mountain Defendants</u>

Plaintiffs argue that their unchallenged professional-negligence and negligent-misrepresentation claims supply predicate violations. (Dkt. 171, pg. 32–33.) However, the Fifteen Cause of Action does not identify those claims as the particular predicates supporting the unlawful prong against Doug, Troy, or Mountain West. It instead states generally that "Defendants' conduct described above" violated Business and Professions Code sections 17200 and 17500. (SAC ¶ 234.) This generalized incorporation is precisely the pleading defect identified in the Motion. A UCL plaintiff must identify the underlying law or legally cognizable duty allegedly violated and connect the predicate violation to the defendant whose conduct is challenged. Plaintiffs cannot leave Defendants and the Court to determine which among numerous federal

and state theories supplies the predicate as to each Defendant.

Furthermore, to the extent the UCL claim depends upon the federal securities, fiduciary-duty, conversion, or constructive-fraud claims challenged in the Motion, it fails with those claims.

2. Plaintiffs Do Not Adequately Plead the Unfairness Prong Against Mountain Defendants

Plaintiffs fail to allege any purportedly "unfair" business practices by Defendants at all, much less with the required specificity. Plaintiffs' merely conclude that "Defendants' conduct described above violated Business and Professions Code §§ 17200 et seq. and 17500 et seq., constituting unlawful, unfair, and fraudulent business practices." (Dkt. 163, ¶ 234.) But Plaintiffs fail to identify the specific practice attributable to Mountain Defendants or to distinguish that practice from the other defendants.

3. Plaintiffs Do Not Adequately Plead the Fraudulent Prong Against Mountain Defendants

Plaintiffs argue that the representations alleged in Paragraph 84 were likely to deceive. (Dkt. 171, pg. 33-34.) This argument confirms that the fraudulent-prong claim is derivative of the same alleged misrepresentations supporting the Second and Twelfth Causes of Action. Furthermore, Plaintiffs incorporate the entire pleading and broadly refer to "Defendants," which does not meet the specificity requirement. Plaintiffs use of the catch-all term "Defendants" does not meet the required specificity to properly allege this claim against Defendants and the Court should dismiss the claim.

## VI. THE COURT SHOULD DENY FURTHER LEAVE TO AMEND AS TO THE FEDERAL CLAIMS

Plaintiffs request another opportunity to amend if any portion of the Motion is granted. (Dkt 171, pg. 34.) Plaintiffs have already filed an original complaint, the FAC, and the SAC. The Court's July 7, 2026 Order identified the precise deficiencies in the federal securities claims and granted leave to amend so that Plaintiffs could plead particularized facts supporting scienter. (Dkt. 152, pg. 19–25.) The SAC represents Plaintiffs' efforts to cure that defect, and they were again unable to sufficiently plead scienter against Defendants. Further leave to amend the Second and Sixth Causes of Action would be futile should therefore be denied.

## VII. CONCLUSION

For the reasons stated above, Defendants Doug, Troy, and Mountain West respectively request the Court grant the instant Motion to Dismiss. The Second and Sixth Causes of Action should be

dismissed with prejudice because Plaintiffs have already received a detailed dismissal order and an opportunity to cure the federal pleading deficiencies. The remaining challenged claims should be dismissed for failure to state a claim, or alternatively the Court should decline supplemental jurisdiction over them if the federal claims against these Defendants are dismissed.

Dated: September 11, 2026

CLARK HILL LLP

By: Victoria Koenitzer

Penelope M. Deihl
Victoria A. Koenitzer
Attorneys for Defendants,
Douglas Scheel, Troy Scheel, and Mountain West Commercial, LLC

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated: September 11, 2026

*/s/ Jocelyn Gutierrez*
**Jocelyn Gutierrez**